## JOSEPH W. HOUSE v. GEORGE HOUSE.

*Attorney and client—Privileged communications—Must be made for purpose of obtaining legal advice upon client's business.*

Plaintiff and his brother employed an attorney at law to draft a power of attorney authorizing their father to indorse certain drafts belonging to them and receive the money thereon. In a suit brought by plaintiff to recover the proceeds of *his* draft, his brother testified that in a conversation had between *them* in the presence of said attorney, when the power of attorney was drawn, but in the *absence* of the father, it was mutually agreed to give to their father the drafts. This plaintiff denied, and the attorney was called as a witness to testify concerning said conversation, but his testimony was rejected on the ground that it was a privileged communication.

*Held,* that it falls outside of any known rule, and within *Alderman v. People,* 4 Mich. 414, *Hartford Fire Ins. Co. v. Reynolds,* 36 Mich. 502, and was competent.

Error to Isabella. (Hart, J.) Argued April 14, 1886. Decided April 22, 1886.

Assumpsit. Defendant brings error. Reversed. The facts are stated in the opinion.

*Dodds Bros.,* for appellant :

The burden of showing that a communication is privileged is on him who asserts the fact: *Earle v. Grout,* 46 Vt. 113; and the facts must be strictly shown: *Satterlee v. Bliss,* 36 Cal. 489.

The conversation was not had *with,* nor the communication made *to,* the attorney, but with another in his presence, and was therefore not privileged. An attorney is bound to testi-

fy like any other witness to statements made by the client to any other person in his presence : *Gallagher v. Williamson*, 23 Cal. 331 ; *Shafer v. Mink*, 14 N. W. R. (Iowa) 726 ; 1 Wait's Law & Prac. 469 ; *Coveney v. Tannahill*, 1 Hill, 33 ; *Earle v. Grout*, 46 Vt. 113 ; *Whiting v. Barney*, 30 N. Y. 332 ; 1 Greenlf. Ev. § 239.

Alfred House received no counsel and paid for none, nor was he acting as Brown's clerk, or occupying any other confidential relation to him ; so that even if the conversation was addressed to Brown, being in the presence of a third person, it is not privileged : *Hartford Fire Ins. Co. v. Reynolds*, 36 Mich. 503 ; *Gallagher v. Williamson*, 23 Cal. 331 ; *Coveney v. Tannahill*, 1 Hill, 33 ; *Whiting v. Barney*, 30 N. Y. 332 ; *Hebbard v. Haughian*, 70 N. Y. 62 ; *Allen v. Morgan*, 61 Ga. 107.

The *matter* of the conversation was not a *subject* of legal counsel, and could not be held to refer to any thing properly the subject of professional confidence : *Earle v. Grout*, 46 Vt. 113 ; 1 Greenl. Ev. § 240 ; *Coon v. Swan*, 30 Vt. 6 ; *Yates v. Olmsted*, 56 N. Y. 632 ; *Britton v. Lorenz*, 45 Id. 51 ; *Hartford Fire Ins. Co. v. Reynolds*, 36 Mich. 503.

*E. D. Wheaton*, for plaintiff :

Every communication which the client makes to his legal adviser for the purpose of professional advice or aid, upon the subject of his rights and liabilities, is privileged, nor is it necessary that any judicial proceedings in particular should have been commenced or contemplated. It is enough if the matter in hand, like every other human transaction, may, by possibility, become the subject of judicial inquiry : 1 Greenleaf on Evidence, § 240.

The evidence sought by defendant from W. N. Brown, an attorney, was what plaintiff told him he was going to do with the money which is the subject of this litigation, to enable the attorney to draw a power of attorney ; and an attorney employed to prepare a deed should not be allowed to disclose any communication then made to him by his client concerning the object and subject-matter of such deed : *Bank of Utica v. Mersereau*, 3 Barbour's Chancery, 528, 533 (49 Amer. Decisions, 189).

A communication to an attorney in reference to his client's personal estate, made upon retaining him to draw an affidavit for the purpose of procuring a reduction of the

assessment of such estate, is privileged : *Williams v. Fitch,* 18 N. Y. 546.

An attorney will not be permitted to divulge knowledge obtained in the course of his professional intercourse with his clients, and it is not essential that it be acquired while a cause is pending in court ; it is sufficient if the attorney was consulted professionally, and acted or advised as counsel : *Beltzhoover v. Blackstock,* 3 Watts, 20.

The Supreme Courts of Maine and Indiana hold that solicitors, counselors, and attorneys are not permitted to disclose, without the assent of their clients, any communication made to them in reference to their professional employment; and this extends to all communications made with a view to obtain professional aid or advice : *McLellan v. Longfellow,* 32 Maine, 494; *Sargent v. Hampden,* 38 Id. 581 ; *Borum v. Fouts,* 15 Ind. 50 ; *Bowers v. Briggs,* 20 Id. 139.

An attorney, employed as such to draw a deed, must be considered as acting in the line of his profession, and bound to conceal the facts disclosed by the person employing him : *Parker v. Carter,* 4 Munford, 273 (6 Am. Dis. 513).

If several clients consult an attorney respecting their common business, the consent of all is necessary to enable one to testify, even in an action in which only one of them is a party : *Bank of Utica v. Mersereau,* 3 Barb. Ch. Rep. 528 ; *Whiting v. Barney,* 38 Barb. 393 ; *Graham v. People,* 63 Id. 469 ; *Rogers v. Lyon,* 64 Id. 373.

CAMPBELL, C. J. Plaintiff and his brother, Alfred House, sons of defendant, being entitled to legacies from their grandmother's estate in England, had made arrangements to have their money remitted to them severally by drafts. About the time these were to arrive from England, they went to the office of William N. Brown, of Mt. Pleasant, and employed him to draw a power of attorney to defendant to indorse the drafts and receive the money, which he did.

Plaintiff sued his father for the sum remitted in his favor, and in the court below recovered the full amount. Alfred swore that before they went to have the paper prepared they had concluded to give the money to defendant, and that while in Mr. Brown's office they had a conversation in his presence in which plaintiff said that his father was an old man, and had worked hard, and had a large family,

and that he was glad he was able to help his father by giving him that amount. This plaintiff denied, and no third person was present but Brown, as defendant was not there, and received the power subsequently.

Mr. Brown being called to testify concerning the conversation in his office, objection was made, and it was ruled out as a privileged communication. This is the only question in the case, the jury finding for plaintiff. Defendant brings error.

There is nothing in the case to make this a privileged communication. It took place with, as well as in presence of, a third person, who testified concerning it. It was not a communication made for the purpose of obtaining legal advice upon plaintiff's business or interests. There appears to have been neither confidential dealing nor confidence concerning any professional business. It falls outside of any known rule, and is within previous decisions of this Court: *Alderman v. People,* 4 Mich. 414; *Hartford FireIns. Co. v. Reynolds,* 36 Id. 502.

The testimony was competent. The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.