EDWARD HANSON *vs.* EDWIN S. BEAN, Sheriff.

Argued Dec. 2, 1892.   Decided Dec. 16, 1892.

**Conveyance Fraudulent as against Creditors—Proof of.**

Where a debtor who is financially embarrassed executes a mortgage upon his property to secure a larger amount than he owes the mortgagee, such excess not being for future advances or the result of mistake, it is evidence of fraud as against his creditors.

**Verdict Supported by the Evidence.**

Evidence tending to show plaintiff's mortgage fraudulent in this instance *held* sufficient to support the verdict.

**Privileged Communication to Attorney.**

Conversation between the parties to a mortgage in the hearing of an attorney employed to draft the mortgage, not embracing any communications made to him as an attorney or for the purpose of obtaining his advice or legal opinion, is not privileged.

**Judgment of Minneapolis Municipal Court, if Docketed in District Court, is Enforced there.**

Where a transcript of a judgment recovered in the municipal court of the city of Minneapolis is filed with the clerk of the district court, the judgment passes under the exclusive control of the district court, and is carried into execution by its process, and it is not necessary that execution should issue out of the municipal court in the first instance.

**Verdict in Replevin, what Sufficient.**

In an action against a sheriff by the general owner of property levied on and held under process, to recover the possession thereof, a verdict in form for the defendant, and assessing the value of his special interest in the property to the amount of the execution and costs, is sufficient.

Appeal by plaintiff, Edward Hanson, from an order of the District Court of Ramsey County, *Egan*, J., made June 1, 1892, denying his motion for a new trial.

Peder O. Foss recovered judgment February 3, 1891, against Edward Elison in the Municipal Court of the City of Minneapolis, for $109.70 upon a note given him by Elison, September 29, 1890.   A duly-certified transcript of this judgment was filed February 3, 1891, in the office of the Clerk of the District Court of Hennepin county,

and the judgment docketed there. No execution was ever issued from the Municipal Court. A transcript of this judgment so docketed in Hennepin county was on February 6, 1891, filed, and the judgment docketed in the District Court of Ramsey county. An execution on this judgment was issued from Hennepin County District Court directed and delivered to Edwin S. Bean, sheriff of Ramsey county, and under it he on February 9, 1891, at the Town of Moundview, levied upon ten cows and two horses found in the possession of Elison. He advertised the property, and was about to sell it to pay the judgment, when the plaintiff brought this action of replevin, and took the property from the sheriff, claiming to have a mortgage on it. This mortgage was made December 13, 1890, by Elison to plaintiff upon these cows and horses and other personal property to secure the payment of Elison's note to plaintiff for $1,600, dated that day and due three years thereafter with interest payable semiannually at the rate of eight per cent. a year. The mortgage was duly filed that day in the office of the town clerk of the Town of Moundview. The sheriff answered that the note and mortgage were given without consideration, to hinder, delay and defraud the creditors of Elison, and that plaintiff had notice of it. This was the question litigated at the trial. The jury found a verdict for the defendant, and assessed the value of his interest in the property at $117.82, the amount of the execution and sheriff's fees. The plaintiff moved for a new trial, and being denied, appeals.

*Merrick & Merrick,* for appellant.

*Grethen & McHugh* and *Peterson & Kolliner,* for respondent.

VANDERBURGH, J. The defendant, as sheriff, by virtue of an execution issued out of the district court of Hennepin county in favor of Peter Foss, execution creditor, levied upon certain personal property of one Ellison. The plaintiff, claiming title under a chattel mortgage executed to him by Ellison, brought this action of replevin in the district court of Ramsey county to recover the possession of the property. The jury found for the defendant.

1. We are first to inquire whether the trial court erred in refusing a new trial because the verdict was not justified by the evidence.

The chief question on this branch of the case is whether the mortgage under which plaintiff claims is fraudulent as against creditors, including Foss.

An examination of the evidence fully satisfies us that the verdict is justified by the evidence in the case, which tends to show that the mortgage was given to plaintiff, who is the father-in-law of the mortgagor, judgment debtor, to shield the property from the attacks of creditors. Only a short time before Ellison's debt to Foss became due he executed the mortgage in question to Hanson for $1,600, which there is evidence tending to show was largely in excess of any amount actually due plaintiff. This alone would be a badge of fraud, it not appearing to be for future advances. But upon the evidence of the witnesses the question was fairly for the jury to determine whether the mortgage was not made with the intention of defrauding or hindering the defendant in the collection of his debt. We have examined the evidence in the case as to the actual amount of Ellison's indebtedness, and the purpose for which the mortgage was executed, and have no doubt that this question was properly for the jury.

2. An attorney who was employed to prepare the mortgage was permitted to testify, over the plaintiff's objection, to a conversation which he heard at that time between plaintiff and Ellison in respect to the amount of the latter's indebtedness to plaintiff. The evidence was properly received. It was clearly not privileged, because made in his hearing. It was not a communication made to him as an attorney, nor does it appear to have been the basis of any legal counsel or advice given by him, nor were the statements made for the purpose of obtaining his advice or legal opinion. It did not, therefore, come within the rule in respect to privileged communications. 1878 G. S. ch. 73, § 10; *House* v. *House,* 61 Mich. 69, (27 N. W. Rep. 858;) *Caldwell* v. *Davis,* 10 Colo. 481, (15 Pac. Rep. 696;) 1 Greenl. Ev. §§ 239, 240.

3. Foss recovered the judgment in question in the municipal court of the city of Minneapolis. A transcript was filed in the district court of Hennepin county, from which last court execution was thereupon issued, under which the levy in question here was made.

The plaintiff's contention is that it was necessary that execution should first issue out of the municipal court, but we are of the opinion that the statute relating to judgments of justices of the peace is not applicable in that respect in this case, and that the judgment creditor's procedure was strictly within the terms of the municipal act. Its express provisions exclude the interpretation insisted on by plaintiff's counsel. Upon the filing of the transcript of a judgment of the municipal court, the judgment passes "under the exclusive control of the district court, and is carried into execution by its process, as if rendered in said district court." Sp. Laws 1889, ch. 34, § 15.

4. The exceptions to the charge cannot be sustained. The attention of the jury was properly called to the fact that the parties to the mortgage were related, and to their dealings and conduct, and it was proper to state to the jury that preferences claimed by way of mortgage, under such circumstances, should be carefully scrutinized.

Plaintiff also excepted to the instructions as to the effect of including in a mortgage an excess over the amount actually due or advanced, but they were clearly correct, and related to an intentional false and fraudulent representation of the amount of the debt secured.

5. The verdict was sufficient in form to warrant the judgment authorized by 1878 G. S. ch. 66, § 272. The jury found for the defendant, and assessed the value of defendant's special property or interest in the property levied on, which was the amount of the execution and costs. This was the proper assessment of value to make in such a case.

Order affirmed.

(Opinion published 53 N. W. Rep. 871.)