## WILLIAM H. SPARKS V. THOMAS L. SPARKS.

1. DEPOSITIONS—*Sufficient Notice.* Where the caption of a notice to take depositions includes the name of the court and the title of the action, and the body of the notice specifies that the deposition to be taken is "to be used on the trial of the above-entitled action," it substantially complies with the requirement of the statute that the notice shall specify the action or proceeding and the name of the court in which it is to be used.

2. MOTION TO QUASH, *Overruling, not Error.* A motion was made to quash a deposition because the notice specified that it would be taken at the office of "Dan. Ray," whereas the deposition showed that it was taken at the office of Daniel E. Wray. *Held,* That "Dan." is an abbreviation of "Daniel," and that "Ray" and "Wray" are *idem sonans;* and further, that the omission of the middle letter is immaterial; and further, that Wray being identified in the notice as an attorney at law of the place where the deposition was to be taken, and there being no claim that there was any other person of that name or having one sounding like it in that place, the opposing party could not have been misled, and that the overruling of the motion to quash the deposition was not error.

3. COMMUNICATIONS, *not Confidential.* Communications made to an attorney who was acting for both parties, and made in the presence of both parties, cannot be regarded as confidential and privileged.

4. ———— *Burden of Proof.* Where the material facts asserted by the plaintiff in his petition are admitted, and an affirmative defense is set up by the defendant, the *onus probandi* is upon the defendant, and the ruling of the court in placing the same upon the plaintiff is material error.

### *Error from Barber District Court.*

ACTION by *William H. Sparks* against *Thomas L. Sparks,* to recover money alleged to be due under certain contracts entered into by defendant with plaintiff's assignor. Judgment for defendant. The plaintiff comes here. The opinion states the facts.

*E. Sample,* and *W. W. S. Snoddy,* for plaintiff in error:

The court erred in overruling the motion to quash the deposition of Daniel E. Wray. The notice to take said depo-

sition did not specify the action or proceeding in which the deposition was to be used. The notice specifying the place at which the deposition was to be taken, as the office of "Dan. Ray," was not a notice sufficient to support a deposition taken at the office of Daniel E. Wray. The rule of *idem sonans* does not apply to a notice of this sort.

The court erred in permitting the evidence of Daniel E. Wray to go to the jury, and in refusing, on motion, to withdraw it from the consideration of the jury, because Daniel E. Wray's testimony showed that he was an attorney at law, and the disclosures to which he testified were made to him by R. M. Sparks as an attorney, made for the purpose of seeking advice, and the said Wray was applied to because he was an attorney. The communications were therefore confidential and privileged. *Cross v. Riggins*, 50 Mo. 335; *Hull v. Lynn*, 27 id. 570; *Johnson v. Sullivan*, 23 id. 474.

The court erred in placing the burden of proof upon the plaintiff. In this case all the law required plaintiff to do to make a *prima facie* case was to prove the assignment of the causes of action. Defendant did not even deny the making of the written contract under oath. That when the defendant admits the facts alleged against him, and pleads or relies on other facts as a release or bar, the *onus probandi* is then thrown on him, and he must prove the facts by a preponderance of the evidence, is too well established to be disputed. *Bogart v. Morse*, 1 Comst. 377; 4 Denio, 108; *Ross v. Gould*, 5 Greenl. 204; *Rudd v. Maurice*, 3 Mon. 528, 431; *McNeal v. Coleman*, 8 Mart. (N. S.) 378; *Scott v. Hull*, 8 Conn. 296; *Gray v. Gardner*, 17 Mass. 188; *Perry v. Botsford*, 5 Pick. 189; *Hays v. Turk*, 2 Rawle, 24; *Webster v. Lee*, 5 Mass. 334; *Hemingway v. Stone*, 5 id. 334; *Godfrey v. Jay*, 7 Bing. 413.

4. *J. Jones*, and *W. S. Denton*, for defendant in error; *T. S. Brown*, of counsel:

The caption to the notice is sufficient. Code, §§ 87, 352.

The "office of Daniel E. Wray" is not a variance from

"the office of Dan. Ray," as given in the notice, sufficient to be made the ground of legal exception. By the rule of *idem sonans*, "Ray" and "Wray" are equivalent. "'Rae' instead of 'Wray' held *idem sonans.*" *Vance v. Wray*, 3 U. C. Law J. 69.

The omission of the middle letter, "E.," is entirely immaterial. "A mistake in a middle name, or its *entire* omission, will not support a plea of misnomer, being regarded as entirely immaterial." *Pace v. The State*, 69 Ala. 231; *Edmundson v. The State*, 17 id. 179; Sommerville, J., in *Rooks v. The State*, 83 Ala. 79; *Ross v. The State*, 116 Ind. 495.

The court will take judicial notice that "Dan." is the abbreviation of "Daniel." "The abbreviations of a man's given name are so common, that, without violence to the law of the land, the courts may take judicial notice of them." *Fenton v. Perkins*, 3 Mo. 144; *Weaver to use of Webb v. McElhenon*, 13 id. 89; *Steven v. The State*, 11 Ga. 225–240; *Commonwealth v. O'Baldwin*, 103 Mass. 210.

The third and fifth grounds of error alleged are in allowing the deposition of Daniel E. Wray to be read in evidence, and in overruling plaintiff's motion to withdraw the same from the consideration of the jury, on the ground that said Daniel E. Wray was the attorney of R. M. Sparks, and R. M. Sparks had not consented to his testifying upon the points therein contained. From the whole evidence upon the point, it is submitted that it is perfectly clear that, if Wray was anybody's attorney, it was T. L. Sparks's; that his whole employment was that of scrivener in drawing the deeds and notes, and that both the parties were present when the communications were made. Under this state of facts, it is established by an abundant weight of authority that the testimony of Wray was competent, and was properly admitted. See *Hanlon v. Doherty*, 109 Ind. 37; *Weeks v. Argent*, 16 M. & W. 817; *Dunn v. Amos*, 14 Wis. 106; *Mobile &c. Rly. Co. v. Yeates*, 67 Ala. 164; *Gulick v. Gulick*, 39 N. J. Eq. 516; *Whiting v. Barnly*, 30 N. Y. 330; *Hebbard v. Hanghime*, 70 id. 54; *Sherman v. Scott*, 27 Hun, 331; 1 Whar. Ev.,

§ 587; 1 Greenl. Ev., §§ 239, 240; *Borum v. Fouts*, 15 Ind. 50; *Caldwell v. Davis*, 10 Colo. 481; *Machette v. Wanless*, 2 id. 169, 179; *Goodwin Co.'s Appeal*, 117 Pa. St. 514; *De Wolf v. Strader*, 26 Ill. 225; *Flax v. Neill*, 26 Tex. 273; *Britton Lorenz*, 45 N. Y. 51.

The sixth alleged ground of error is, that the court erred in instructing the jury that the burden of proof was upon the plaintiff. Instruction No. 1. It is submitted that this instruction contains a correct statement of the law as to the burden of proof in this case, and was properly given. The law relating to the burden of proof is elementary, and well founded.

One of the leading rules established in a very early case is, "that the burden of proof lies on the party who substantially asserts the affirmative of the issue." 1 Taylor, Ev. 233, 341; Bailey, Onus Probandi, 1. One of the most important tests given is, "which party would succeed if no evidence were given." 1 Taylor, Ev. 341; Bailey, Onus Probandi, 2. This rule and this test are adopted without material modification by all the text writers. *McRae v. Lawrence*, 75 N. C. 289; *Hudson v. Wetherington*, 79 id. 3; *Town of Connersville v. Wadleigh*, 6 Blackf. 297; *Wilder v. Cowles*, 100 Mass. 487; *Willett v. Rich*, 142 id. 356; *Story v. Macloy*, 6 Mont. 492; *Perkins v. Ermel*, 2 Kas. 325.

The opinion of the court was delivered by

JOHNSTON, J.: William H. Sparks brought an action against Thomas L. Sparks, to recover the sum of $3,726.08, under two several contracts made between Richard M. Sparks and the defendant. The petition was in two counts, and in the first it was alleged that on October 24, 1885, Richard M. Sparks, who was the owner of the Elm creek ranch, consisting of 21 quarter sections, and which was stocked with cattle, sold an undivided two-thirds interest in the same to Thomas L. Sparks and John Briscoe. The amount to be paid by each of the parties was $6,726.08, and it is averred that Thomas L. Sparks, who signed the agreement, took posses-

sion of the real and personal property so sold, in pursuance of the agreement, and paid the sum of $4,000 thereon, but had failed and refused to pay the remaining $2,726.08, as the provisions of the contract required. It was alleged that this contract and the rights thereunder had been fully assigned and transferred by Richard M. Sparks to the plaintiff, William H. Sparks. The written contract, duly signed by all the parties, was attached to and made a part of the petition.

The second count alleged the sale and conveyance of certain real estate by Richard M. Sparks to Thomas L. Sparks, under an agreement by which Thomas L. Sparks was to execute and deliver two promissory notes, due respectively in two and three years, of $1,000 each. It is stated that, although the transfer of the real estate had been made, only one of the notes had been given, and that there still remained due on the transaction the sum of $1,000, with the interest thereon, for which judgment was asked. The defendant met these allegations with a general denial, and in further answer he admitted that he signed the written contract mentioned in and appended to the first count of the petition, and also that he took possession of the property therein described. He alleged, however, that the contract was not executed in earnest so far as he was concerned, and that it was delivered without consideration. The circumstances under which it was executed and delivered he avers were, that Richard M. Sparks was the owner of the property and a near relative of his, whom he had known intimately for several years. He was desirous of selling an interest in the property, and offered one-third of the same to John Briscoe and one-third to the defendant; that Briscoe accepted the offer, and R. M. Sparks induced the defendant to join them in the signing of the contract, and agreed that he would not consider the same as a sale to the defendant; and relying on this representation he attached his name to the contract. He further alleged that that contract was never enforced, and that subsequently R. M. Sparks, failing to find anyone to purchase that interest, sold the same to the defendant for the sum of $4,000, and that under this agree-

ment he took possession of the property and paid the full price agreed upon.   In answer to the second cause of action stated in the plaintiff's petition, he admitted the making of the contract therein stated, and that the deed of conveyance was then drawn up in accordance with that agreement, but that it was not delivered until a long time afterwards; that before the delivery, the contract was by mutual consent of the parties rescinded and canceled, and another agreement and sale made of the same premises for the price of $1,000, for which the defendant gave his promissory note, and it was accepted by Richard M. Sparks as the full purchase price of the land.   A trial had with a jury resulted in a verdict in favor of the defendant.   Various rulings of the court during the trial are deemed by the plaintiff to be erroneous, which will be examined.

Complaint is made of the overruling of a motion to quash a certain deposition, on the ground of the insufficiency of the notice to take the same.   The first ground is, that the notice to take the same did not sufficiently specify the action or proceeding in which the deposition was to be used.   The particular defect was that the body of the notice did not name the court or tribunal.   It appears that at the beginning of the notice the court was described, and also the title of the cause, and in the body of the notice it stated that the testimony of the witnesses taken was for use "as evidence on the trial of the above-entitled action."   In this way the action or proceeding and the name of the court or tribunal were sufficiently specified to meet the requirements of § 352 of the civil code.

The second ground of the motion to quash was, that the notice specified the place at which the deposition was to be taken as the office of "Dan. Ray," whereas the deposition was actually taken at the office of Daniel E. Wray.   It is a matter of common knowledge that "Dan." is an abbreviation of "Daniel," and the names "Ray" and "Wray" sound alike, and, under the rule of *idem sonans*, are equivalent.   The omission of the middle letter or a mistake in the same is immaterial. (*Vance v. Wray*, 3 U. C. Law J. 69; *Rooks v. The State*, 83 Ala.

79.) It is clear that the defendant could not have been mis-led, as Wray was identified in the notice as an attorney at law of Versailles, Mo., where the deposition was to be taken, and there is no claim that there was any other person of that name, or a name sounding like his, in that place; nor is it pretended that the deposition was not taken at the identical place where the notice specified that it would be taken.

Another error assigned is in allowing the deposition of Wray to be read in evidence, on the ground that he was the attorney of R. M. Sparks, and that the matters communicated to him were confidential and privileged. No error was com-mitted in holding that Wray was a competent witness, and in allowing his deposition to be read. Of course communications between attorney and client are privileged when they are con-fidential, but there is testimony that Wray was not in any sense acting as the attorney or legal adviser of R. M. Sparks. He appears to have been employed only as a scrivener to draw a certain conveyance and notes, and was acting for all of the parties. He was not employed to give legal advice to R. M. Sparks, but only to put in legal form and phrase the agreements of the parties; and the fact that he happened to be skilled in the law will not make him incompetent as a witness, nor can the communications made by the parties to him be considered as privileged. Indeed, the matters testified about were not of a confidential character, but were made in the presence of both of the parties to the controversy. Com-munications made to one who is acting for both parties, and in the presence of all the parties to the controversy, cannot be regarded as confidential or privileged. (*Goodwin &c. Co.'s Appeal,* 117 Pa. St. 514; *Whiting v. Barney,* 30 N. Y. 330; *Britton v. Lorenz,* 45 id. 51; *Hanlon v. Doherty,* 109 Ind. 37; *Dunn v. Amos,* 14 Wis. 106; *De Wolf v. Strader,* 26 Ill. 225; *Machette v. Wanless,* 2 Colo. 169; 1 Whar. Ev., § 587.

The only remaining objection that is deemed to be mate-rial is the ruling of the court placing the burden of proof upon the plaintiff. The jury were instructed that, in order to entitle the plaintiff to recover on either cause of action, he

must prove, by a preponderance of the evidence, each material allegation therein contained. From the pleadings and the admissions which they contain, the *onus probandi* clearly rested upon the defendant; and hence the exception to the ruling and the instructions must be sustained. The plaintiff set up and relied upon a written contract purporting to have been executed by the defendant. The execution of this contract was admitted by the defendant. The plaintiff also alleged that defendant was in possession of the property sold and transferred to him under the contract, and the possession was admitted by the defendant. The plaintiff further alleged, that defendant had only paid him $4,000 of the $6,726.08 which, under the terms of the contract, he was held to pay, and the defendant admitted that he had paid no more than $4,000 for the property. It thus appears that the material facts asserted by the plaintiff were conceded by the defendant. No proof was required by the plaintiff in order to maintain these propositions. He is not required to disprove the facts alleged in the defendant's affirmative defense. The defendant asserts that the contracts relied upon by the plaintiff, and the making and execution of which he admits, have been changed by other agreements and understandings. The defendant has the affirmative of these propositions, and the burden of maintaining them rests upon him. The testimony on the disputed propositions in the case appears to be close and conflicting, and this erroneous ruling of the court is deemed to be material error. The judgment of the district court will therefore be reversed, and the cause remanded for a new trial.

All the Justices concurring.