FANNIE C. CALDWELL, *et al.*, Appellants, v. KNUD MELTVELDT.

FANNIE C. CALDWELL, *et al.*, Appellants, v. ANDREW TOW, *et al.*

**Deed as Mortgage:** EVIDENCE. An unrecorded deed to sections 2 and 3 was found among decedent's papers; also the note of the grantor, D. E. P. for three thousand five hundred dollars. The consideration in the deed was that sum. The land was worth fully twice as much. The envelope around the deed had endorsed upon it, in decedent's hand, "D. E. P. sec. 1 and 2, 94 N. 41 W. $3,500, to be reconveyed upon payment of the above sum at any time after one month and within one year. Have given him a contract to the above effect." There is no evidence that deceased ever exercised any ownership over the land or referred to it in his will. His books failed to show that anything was given for it, except the three thousand five hundred dollars evidenced by the

note. It was paid and the administratrix made D. E. P. a quit claim deed. *Held*, the deed is a mortgage and the heirs of deceased have no interest in it.

SAME: PRIVILEGE OF ATTORNEY. On the issue whether a deed is a mortgage an attorney employed by an administrator in the settlement of the estate may say, that he searched decedent's papers, what he found bearing on said issue, that he sent a note found to another attorney for collection, that it was paid and a quit claim deed delivered therefor.

*Appeals from O'Brien District Court.*—HON. F. R. GAYNOR, Judge.

WEDNESDAY, FEBRUARY 6, 1895.

These are actions in equity to quiet in the plaintiffs the title to certain land in O'Brien county. The actions were heard by the District Court and determined together, and decrees were rendered in favor of the defendants. The plaintiffs appeal.—*Affirmed.*

*H. E. Long* for appellants.

*H. H. Crow* and *E. C. Herrick* for appellees.

Robinson, J.—The questions involved in the two actions are the same, and they will be considered and determined together. The plaintiffs claim to be the owners in fee simple of sections numbered two and three in township numbered ninety-four north, of range numbered forty-one west, by virtue of the will of Orville H. Browning, deceased, and that he acquired title thereto under a deed from one D. Edward Paullin. The defendants also claimed title from Paullin, but under a deed from him later than his conveyance to Browning. It is admitted that Paullin executed to Browning an instrument in the form of a warranty deed, but the defendants claim it was given to secure the payment of money, and that it was in legal effect

a mortgage, which has been satisfied and discharged by the payment of the debt it was designed to secure. They also claim title by virtue of a conveyance executed by Eliza H. Browning, the widow of Orville H. Browning, and a beneficiary of his will, and ask to have the title to the land quieted in them. The District Court gave to them the relief they demanded.

I. The conveyance from Paullin to Browning was dated and acknowledged the fourth day of June, 1881. To prove that it was a mortgage, the defendants introduced the testimony of C. L. Wright and James F. Carrott. The testimony of each was objected to by the plaintiffs as incompetent under section 3643 of the Code. The testimony of Carrott was to the following effect: He is an attorney, and had officed with Browning and transacted business with him prior to his death. After his death his widow was appointed executrix of the will, and Carrott was employed by her to act as an attorney in the settlement of the estate. In the discharge of his duties he searched for the books and papers of the decedent, and found among them the deed from Paullin in question. It was in an envelope, on which, in the handwriting of Browning, was the following: "D. Edward Paullin, Sec. 1 and 2, 94 N., 41 W. $3,500.00. To be reconveyed upon payment of the above sum, with ten per cent. interest, at any time after one month and within one year. Have given him a contract to the above effect, June 14, 1881." The deed had not been recorded, but was sent by Carrott to O'Brien county and there recorded in September, 1882. He also found among the books and papers of the decedent a note, dated June 14, 1881, made by Paullin to Browning for the sum of three thousand five hundred dollars, with interest at ten per cent. per annum, due one month after its date. In June, 1883, he sent the note to Joy & Wright, attorneys, of Sioux City, for collection. He also

sent them a quitclaim deed for the land in question, exe-
cuted by Mrs. Browning in her own right and as execu-
trix of the will of the decedent.  The note was paid by
Paullin, and the proceeds were remitted to Carrott and
by him paid to the executrix, and the deed was delivered
to Paullin.  On cross-examination Carrott was asked
by plaintiffs to set out a copy of the books and papers
of the decedent which referred to O'Brien county land,
and in response he set out numerous entries from a book
of the decedent, and among them one as follows: "1881;
June 14, loaned to D. Edward Paullin $3,500.00."  The
facts testified to by C. L. Wright are substantially as
follows: He was a member of the firm of Joy & Wright
when it received the note and deed from Carrott.  His
firm collected of Paullin a part of the amount due on
the note in August, 1883, and the remainder in the next
October, and remitted the proceeds to Carrott.  At
about the time the last payment was made, they deliv-
ered the deed executed by Mrs. Browning to Paullin.
In what they did they acted as the attorneys of Mrs.
Browning, or of the estate of which she was executrix.

Section 3643 of the Code is as follows: "No practic-
ing attorney, counselor, physician, surgeon, minister of
the gospel or priest of any denomination, shall be
allowed in giving testimony to disclose any confidential
communication properly entrusted to him in his pro-
fessional capacity, and necessary and proper to enable
him to discharge the functions of his office according
to the usual course of practice or discipline.  Such pro-
hibition shall not apply to cases where the party in
whose favor the same are made waives the rights con-
ferred."  The appellants contend that under this section
all communications made by a client to his attorney
in regard to business intrusted to the attorney in
his professional capacity are privileged.  But the claim
thus made is too broad.  Only communications which

are confidential are protected by this statute. Those which the attorney, in the discharge of his duty to his client, is of necessity obliged to make public, cannot be said to be confidential, and are not privileged. *State v. Kidd*, 89 Iowa, 54, 56 N. W. Rep. 265; 1 Greenl. Ev. section 244; *Bruce v. Osgood* (Ind. Sup.) 14 N. E. Rep. 565; 19 Am. & Eng. Enc. Law, 136. Carrott was given access to the books and papers of the decedent to enable him to do what should be proper in settling the estate. The note against Paullin was intrusted to him and was forwarded by him to Joy & Wright, to collect it for the benefit of the estate. It could not have been collected without making facts in regard to it known. The deed which was executed by Mrs. Browning was also designed to be made public. There was nothing of a confidential nature in any of the information acquired by Carrott and Wright to which they have testified, and their testimony must be treated as admissible. That is also true of the note, books, and other instruments referred to by one or both of them, and which are in evidence. The testimony of the two witnesses and the documentary evidence authorize the presumption that the conveyance from Paullin to Browning was a mortgage.

The conveyance recites a consideration of three thousand five hundred dollars. The evidence shows that at the time it was executed the value of the land it purported to convey was at least twice that of the consideration named, and some competent witnesses fix the value at a much higher amount. It was said in *Wilson v. Patrick*, 34 Iowa, 370, that "the rule is recognized by the authorities quite uniformly that when the question is to be determined whether a sale and conveyance be absolute, or only intended as security, the fact that the consideration is grossly inadequate is a strong circumstance, though not conclusive, in support of the claim that the deed was intended to

operate as a mortgage." See, also, *Rogers v. Davis*, 91 Iowa, 730, 59 N. W. Rep. 265; *Peugh v. Davis*, 96 U. S. 332; *Russell v. Southard*, 12 How. 148. It is not shown that Browning ever exercised any acts of ownership over the land in question, unless to execute to Paullin a lease therefor at the time the conveyance to Browning was made. The will does not refer to the land in terms, and it is not within the provisions of the will unless it was in fact a part of the estate of the decedent. His books contain numerous entries in regard to land in Iowa, but none of them show that anything could have been given to Paullin for the land in question, excepting the money for which the note was given. The entries in the books of the decedent are entirely consistent with the theory that the conveyance to him was a mortgage, and are not consistent with any other. The indorsement on the envelope which contained the instrument of conveyance was undoubtedly intended to refer to the land in question, although it specified sections one and two, instead of sections two and three. An inventory filed by the executrix in April, 1882, showed the note of Paullin for three thousand five hundred dollars as property of the estate, and her subsequent reports showed that it had been paid. The competent evidence in the case shows clearly that the conveyance in question was taken as security for the payment of money loaned, and that it was so treated by Browning and by the executrix of his will. It follows that the interest transferred by the conveyance was satisfied by the payment of the note. Whether it has been properly released of record is a question in which the appellants can have no interest. In reaching the conclusion stated, we have not given any weight to the testimony of Paullin which was offered by the defendants, as we are of the opinion that the material parts of it were incompetent under section 3639 of the Code.

Numerous questions are presented in argument which we have not discussed, but, as no determination of them which could be made would affect the result of this appeal, it is unnecessary to consider them further. The decree of the District Court is, in each case, *affirmed*.