## MINARD v. STILLMAN.

(49 Pac. 976.)

ATTORNEY AND CLIENT — CONFIDENTIAL COMMUNICATIONS. — In an action against an attorney for money which plaintiff alleges defendant has converted to his own use, and defendant alleges he paid to others at plaintiff's direction, defendant cannot be excused from testifying to whom he made the payments on the ground of confidential communications, though the payment be considered a communication, and defendant was attorney not only for plaintiff, but for the parties to whom the payments were made.*

From Umatilla: STEPHEN A. LOWELL, Judge.

This is an action by Mary K. Minard against A. D. Stillman to recover of the defendant a balance of certain collections made by him as attorney for plaintiff upon fire losses on insured property consisting of a dwelling covered by one company, and household goods by another. It is alleged that defendant wrongfully concealed the receipt of such balance from plaintiff, and converted the same to his own use. The defendant admits the receipt of the same, but denies that it was concealed, or converted to his own use or benefit, and alleges that he paid it out by authority, and under the express direction, of the plaintiff. The

* This case is reported in 45 Cent. Law Jour. 314, with a note entitled Recent Cases on Subject of Privileged Communications Between Attorney and Client. For annotated cases discussing this question see *Jordon* v. *Westerman*, 4 Am. St. Rep. 836; *Hurlburt* v. *Hurlburt*, 26 Am. St. Rep. 482; *Seip's Estate*, 43 Am. St. Rep. 803. —REPORTER.

reply put in issue the affirmative allegations of the answer. The defendant became a witness at the trial in his own behalf, and testified, in substance, upon his examination in chief, that the agent and adjuster for the insurance companies represented to him that the drafts for the damages would be drawn payable to plaintiff, but that she was not to get a certain portion of the money, which represents the balance sued for, and that the adjuster did not want such balance to be placed in her hands. When asked why she was not to have such balance, he answered that it was an arrangement between the adjusters and special agents of the insurance companies in the matter of approving the loss. They had declined to approve the loss, and had threatened to arrest W. F. Minard, the husband of the plaintiff, for burning the building, and claimed that the household goods were not in the building at the time it was burned, and that W. F. Minard, who was acting as the agent of the plaintiff touching the adjustment and settlement, understood that such balance was not to be paid to him nor his wife. He further testified that he received the money through drafts upon San Francisco, which were deposited in the First National Bank to his credit, and that the balance in dispute was checked out by him to other parties, and that he received no part of it himself, or to his use or benefit; that when the whole amount was paid, the said W. F. Minard, the agent of the plaintiff, knew perfectly well that such balance was to be used in getting a settlement, and securing proof of these claims, and knew that he could not get them approved without it. On cross-examination he was asked to

whom he paid such balance. This he declined to answer, saying it was a matter of confidence between these other parties, Minard, and himself. The court was thereupon requested to compel the witness to answer, which it declined to do upon the ground that the relation of attorney and client existed between the parties and the defendant. Defendant was then asked whether he had paid any part of it to Minard or his wife, and, having answered in the negative, Minard and his wife consented in open court to his testifying as to whom such balance was paid, and the witness continued: "I desire to state that I refuse to give that information, for the reason that this money was received and disposed of by me upon a matter of confidence. People that did not want to deal directly, and thought they could not deal safely with Ted [W. F.] Minard, dealt with me, and the money was paid out. \* \* \* I was acting as attorney in confidential relations with the other parties." Thereupon the court made the same order refusing to compel the witness to answer, to which an exception was taken and allowed, and, judgment having been rendered in favor of the defendant, the plaintiff appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. L. Kearney.*

For respondent there was a brief and an oral argument by *Mr. John J. Balleray.*

PER CURIAM. The defendant contends that he occupies the position of attorney both for the plaintiff

and the parties to whom he paid this balance; that the payments to such parties are in their nature privileged communications between attorney and client, and that he ought not to be compelled to make the disclosure.* If it be conceded that this is a case wherein an attorney may properly represent all parties concerned in the settlement and adjustment, the rule seems to be well settled that in a controversy between such parties and a third person the attorney will not be compelled, without the consent of the parties, to disclose any communication made to him by them while in the exercise of such professional employment: *Root* v. *Wright*, 84 N. Y. 72 (38 Am. Rep. 495); *Gruber* v. *Baker*, 20 Nev. 453 (23 Pac. 858). Upon the other hand, the rule is as well settled that in a dispute between parties themselves the attorney is not inhibited from making such disclosures where the communication was made in the presence and hearing of all concerned, or was intended for the mutual information of all: *Micheal* v. *Foil*, 100 N. C. 178 (6 Am. St. Rep. 577, 6 S. E. 264); *Britton* v. *Lorenz*, 45 N. Y. 51; *Rice* v. *Rice*, 14 B. Mon. 417; *Carey* v. *Carey*, 108 N. C. 267 (12 S. E. 1038); *Hughes* v. *Boone*, 102 N. C. 137 (9 S. E. 286); *Gulick* v. *Gulick*, 39 N. J. Eq. 516; *Goodwin Gas Stove Company's Appeal*, 117 Pa. St. 514 (2 Am. St. Rep. 696, 12 Atl. 736); *House* v. *House*, 61 Mich. 69 (27 N. W. 858, 1 Am. St. Rep. 570); *In re Bauer's Estate*, 79 Cal. 304 (21 Pac. 759); *Hanlon* v. *Doherty*, 109 Ind. 37 (9 N. E. 782). The reason of the latter rule is stated

*Note.—Section 712, subd. 2, Hill's Ann. Laws, touching this subject, reads as follows: "An attorney shall not, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon, in the course of professional employment."—Reporter.

in *Rice* v. *Rice*, 14 B. Mon. 417, which is, in effect, that as the parties are all present at the same time, or are entitled alike to the same knowledge, the matter communicated is not in its nature private, and consequently that, as between the parties, and in so far as they are or can be concerned, it cannot, in any sense, be deemed a subject of confidential communication made by one which the duty of the attorney inhibits him from disclosing to the other. And in conclusion SIMPSON, J., says: "The statements of parties made in the presence of each other may be proved by their attorneys, as well as by other persons, because such statements are not in their nature confidential, and cannot be regarded as privileged communications."

Now, the case at bar presents a condition of affairs in which there is a dispute between one of the parties and the attorney, and it is contended by the defendant's counsel that the attorney stands in the position of a stranger, and that the rule should be applied as where the controversy is between one of the parties to the communication and a stranger. In this view we cannot concur. If it was a matter of common knowledge between the parties to the settlement as pertains to the persons to whom this balance was paid, the knowledge or the communications by which it was obtained by all cannot be considered as privileged in so far as the parties are concerned, and the attorney is not inhibited by any duty devolving upon him from communicating such knowledge from one to the other. The knowledge would be matter common to all, the attorney included, and for that reason is not privileged, as it concerns them all. So that in a controversy be-

tween one of the parties and the attorney the communication would be a matter of common knowledge between parties to that controversy, and the reason assigned why it is not privileged as between the parties to the settlement is equally as strong, and has like application as between one of the parties and the attorney. The court was therefore in error in not requiring the defendant to answer. The information which the plaintiff sought to elicit would seem to be pertinent to the issue, which was whether defendant had converted any of this money to his own use. He claims that he paid it to certain parties under the direction of the plaintiff, and it is, therefore, an important factor in the logical course of an examination touching the transaction to ascertain and know to whom it was paid, and was, therefore, proper subject-matter respecting which to pursue a cross-examination of the witness. The judgment of the court below will therefore be reversed, and the cause remanded for such other proceedings as may seem pertinent, not inconsistent with this opinion.

REVERSED.

[Decided at PENDLETON July 31, 1897; rehearing denied.]