WILLIAM J. LEWIS, Executor, Appellant, v. JOSEPH F. BEH, Appellee.

APRIL 3, 1928.

REHEARING DENIED JUNE 26, 1928.

*Thomas H. Smith* and *A. R. Shepherd,* for appellant.

*Clark, Byers & Brunk,* for appellee.

FAVILLE, J.—The appellant in this action is the executor of the estate of one Paup, deceased. There were three mortgages upon a farm in Guthrie County. The first mortgage was held by the Brotherhood of American Yeomen, and was in the amount of $23,500. The second mortgage was for $12,000, held by the appellee, and the third mortgage of $12,000 was held by Paup. All of said mortgages were in default. The appellant alleged in his petition the following:

"That defendant requested plaintiff's decedent to advance the money to pay the interest due on said first mortgage, and promised said decedent that, if the latter would advance said money for the interest on the first mortgage, defendant would include a claim for reimbursement for the payment of said interest in the prayer for judgment and decree in the suit for the foreclosure of defendant's second mortgage, and that defendant would pay to plaintiff's decedent all money and the interest thereon collected by defendant on said claim for reimbursement for the payment of the aforesaid interest through said foreclosure suit and the proceedings auxiliary thereto."

It is also alleged that Paup did advance the interest due on the first mortgage, and that the same was included in appellee's foreclosure, and that the premises went to execution sale, and that appellee acquired a sheriff's deed thereto. This action is at law, to recover from the appellee under the alleged agreement to repay the amount so advanced by Paup to the appellee and included in the foreclosure of the appellee's second mortgage.

The court directed a verdict in behalf of the appellee.

I. An attorney, Mr. T. H. Smith, represented both Paup and the appellee in the said foreclosure proceedings. He appeared as attorney for the appellee in the foreclosure of the said mortgage, and also appeared as attorney for Paup in his cross-

petition in said proceedings. He was a witness for the appellant in this action.

Error is predicated upon the ruling of the court, excluding the testimony of said witness. The witness testified that he had been consulted by Paup regarding the third mortgage on the land, and that, sometime before this, he had had a conversation with the appellee regarding the matter. He testified:

"Q. That is to say, you were the attorney of Mr. Beh and Mr. Paup in whatever was done in respect to the foreclosure of both their mortgages on this land? A. Yes, sir, I was."

It appears that the witness was asked to relate a conversation which he had with the appellee in relation to "the advancing by Mr. Paup of the interest then due on the first mortgage on the land." The testimony of the witness regarding any conversation with the appellee was excluded, on the ground that it was a privileged communication, prohibited by the statute. Certain letters which passed between the witness Smith and the appellee regarding "the plan" of foreclosing the mortgages and the payment of this interest on the first mortgage by Paup were received in evidence, and later stricken from the record on motion, as being privileged communications.

In the course of the trial, the appellee was a witness in his own behalf, and testified regarding his conversation with Smith respecting the payment of the interest on the first mortgage by Paup. This witness testified:

"Q. Will you tell us what plans you talked when you were there? The court: This talk was with Mr. Smith? A. And Mr. Paup, both."

The witness testified that Smith informed him that he had the Paup mortgage to foreclose. On cross-examination, the appellee testified:

"Q. Mr. Beh, you have testified as to a conversation with Mr. Smith regarding the arrangement for the advancing of the interest. Was the decedent, H. H. Paup, present at this conversation? A. He was once or twice. Q. Did he take part in the conversation? A. Yes, some."

The question at this point is whether or not, under the record, Smith was a competent witness to testify in regard to the

conversation between him and the appellee regarding the arrangement for the payment of the interest on the first mortgage by Paup. It is to be observed from the testimony of the appellee that both he and Paup were present at conversations with Smith "once or twice," in which the talk with Smith was "regarding the arrangement for the advancing of the interest." Smith was acting as attorney for both parties, and under the testimony of the appellee, the latter knew that Smith had Paup's mortgage for foreclosure. We then have a situation where Smith, who was attorney for both Paup and the appellee, had a conversation with both of said parties in respect to an arrangement between them. The general rule, both at common law and under the express provisions of our statute (Section 11263, Code of 1924), renders a practicing attorney incompetent to disclose any confidential communication properly intrusted to him in his professional capacity. Our statute also provides:

"Such prohibition shall not apply to cases where the party in whose favor the same is made waives the rights conferred."

It is the general rule, under the common law and statutes similar to ours, that an attorney, without the client's consent, cannot divulge matters which were communicated to him in confidence by his client in the course of his professional employment. But there are certain well recognized exceptions to this rule, and one of these is, where two or more persons employ the same attorney in the same business, their communications with the attorney in relation to the business are not privileged between themselves, even though their interests may be diverse, where the disclosures are made in the presence and hearing of all parties concerned, or are intended for the information of all parties. *Mueller v. Batcheler,* 131 Iowa 650; *Stewart v. Todd,* 190 Iowa 283; *Sparks v. Sparks,* 51 Kan. 195 (32 Pac. 892); *Cady v. Walker,* 62 Mich. 157 (28 N. W. 805); *Hurlburt v. Hurlburt,* 128 N. Y. 420 (28 N. E. 651); *Goodwin Gas Stove & Meter Co.'s Appeal,* 117 Pa. St. 514 (12 Atl. 736); *Minard v. Stillman,* 31 Ore. 164 (49 Pac. 976); *Griffin v. Griffin,* 125 Ill. 430 (17 N. E. 782).

It is also a well recognized rule that, where a statement is made by a client to his attorney for the purpose of having it communicated to a third person, the statement is not privileged.

See *Caldwell v. Meltveldt*, 93 Iowa 730; *Wyland v. Griffith*, 96 Iowa 24; *Mueller v. Batcheler*, supra; *Koeber v. Somers*, 108 Wis. 497 (84 N. W. 991) ; *Shove v. Martine*, 85 Minn. 29 (88 N. W. 254) ; *Bruce v. Osgood*, 113 Ind. 360 (14 N. E. 563) ; *Ferguson v. McBean*, 91 Cal. 63 (27 Pac. 518) ; *Model Clothing House v. Hirsch*, 42 Ind. App. 270 (85 N. E. 719) ; *Trenton Street R. Co. v. Lawlor*, 74 N. J. Eq. 828 (71 Atl. 234) ; *Collette v. Sarrasin*, 184 Cal. 283 (193 Pac. 571).

Furthermore, in this case the appellee testified in his own behalf regarding the conversations with the attorney, and it was after this that the testimony of the attorney was stricken from the record. Under the statute, and well recognized rules, this was a waiver of the privilege. It cannot be that a party may testify as to a communication with his attorney and the attorney not be privileged to testify to the communication. *Kelly v. Cummens*, 143 Iowa 148, and cases cited.

Under well established rules, and under the facts of this case, the court erred in excluding the testimony of the witness Smith as to the conversation between him and the appellee when Paup was present, and also as to conversations between Smith and the appellee which were intended by the appellee to be communicated to Paup, even though Paup was not present at such conversations. Also, the written communications between the appellee and Smith, which it was shown were intended by the appellee to be communicated to Paup, and were made for such purpose, were not privileged.

For the error pointed out, the judgment of the district court in directing a verdict in behalf of the appellee must be, and it is,—*Reversed.*

EVANS, ALBERT, MORLING, KINDIG, and WAGNER, JJ., concur.