## MURPHY v. BLACK ET AL.

1. **Will**: INTERPRETATION: INTENTION OF TESTATOR.   In the construction of wills the first inquiry should be directed to the intention of the testator, for the purpose of ascertaining which, all papers of a testamentary character must be considered together.

2. ———: ———: LIFE ESTATE.   M. and his wife at the same time executed wills bequeathing their property to each other, and also a joint will, which was executed as of a later date, bequeathing their property to certain others mentioned therein:   *Held*, that the will of the wife vested M. with but a life interest in her estate after her death.   Whether or not the joint will was valid, *quære*.

### *Appeal from Appanoose District Court.*

### THURSDAY, OCTOBER 5.

THE petition states that plaintiff is the absolute owner in fee simple by inheritance and devise through Jane Murphy, of certain real estate described therein; that defendants make some adverse claim to said real estate; and asks that his title be established in fee simple and the same quieted.   In an amendment to the petition plaintiff states that he holds said real estate by devise from Jane Murphy, and that he is sole devisee; that the will of Jane Murphy has been duly admitted to probate, and thereunder he claims.

The defendants deny the allegations of the petition, and state in substance, that the will under which the plaintiff claims is not the will of Jane Murphy; and the defendants claim said real estate under a joint will made by the plaintiff and Jane Murphy.   The property in controversy was the separate property of Jane Murphy at the time of her decease. At the time of the execution of the wills the plaintiff and Jane Murphy were husband and wife.

The District Court dismissed the petition and rendered judgment for costs against the plaintiff, who appeals.

*Tannehill & Fee* and *George D. Porter*, for appellant.

*Vermillion & Haynes* and *J. C. Coad*, for appellees.

SEEVERS, CH. J.—The plaintiff and Jane Murphy, being the owners of separate property, made and executed the following instruments in writing, or wills:

1. Jane Murphy willed or bequeathed all her property to the plaintiff.

2. The plaintiff willed or bequeathed all of his property to Jane Murphy.

3. The plaintiff and Jane Murphy executed what is termed " their last will and testament," whereby they devised all their property to the defendants.

These several instruments were executed at the same time, or as near the same time as could be, and were evidently intended as parts of the same transaction. The two first instruments, however, on their face, show they were executed at 5 o'clock P. M., and the latter at 6 o'clock P. M. of the same day.

The plaintiff must recover, if at all, on the strength of his own title, and not by reason of any weakness in that of the defendants. The material inquiry is, can the plaintiff recover under what is claimed to be the sole will of Jane Murphy?

In the construction of wills the intention of the testator is the first and great object of the inquiry, and all papers of a testamentary character must be taken and construed together, and therefrom the intention of the testator ascertained. 4 Kent, 534, 535; Redfield on Wills, 435.

1. WILL: interpretation: intention of testator.

It is very clear the intent of these parties was that the survivor should have and own all the property of both during the life of such survivor, and at his or her death the defendants should become such owners. This intent is manifest, among other things, from the fact that the two first instruments were executed at 5 o'clock and the other an hour afterward; that is, they declared their intent to so execute, while in fact no such period did intervene.

2. —: —: life estate.

All these instruments are of a testamentary character, and taking them by the "four corners" for the purpose of ascertaining the intention of Jane Murphy, we have no difficulty in determining that it was not her intent the plaintiff should

take a fee simple estate. Whether what is termed the joint will is valid as a devise or not makes no difference; it is competent and proper it, should be looked into for the purpose of determining the intention of the testator in the execution of the will under which the plaintiff claims.

Substantially, all three of these instruments are one, executed at one and the same time, and might have been well contained in one paper. At least, this is as favorable as the plaintiff can claim, and such an instrument was held void as a will in *Walker v. Walker*, 14 Ohio St., 157, in which case it is said a joint will cannot be upheld, while just the contrary is held in *ex parte Day*, 1 Bradford's Surrogate Reports.

The opinions in these cases are able and review in a great measure the same authorities, and arrive at different conclusions. If we adopt the reasoning and conclusion reached by either of these cases the result will be adverse to the plaintiff.

The record does not disclose who the legal heirs of Jane Murphy are, and we are not advised that any of them, except the plaintiff, are parties to this action. It would be, therefore, premature and improper to determine whether what is termed the joint will vests the legal estate of the premises in controversy, at the death of the plaintiff, in the defendants or not, and for the same reason it would be improper to determine whether such will is valid as a compact or not.

By the amendment to the petition the plaintiff seeks to recover, and claims to be owner of the fee simple title under and by virtue of the will of Jane Murphy, and we hold he is not entitled to such an estate, but to a life estate only. Therefore the District Court properly dismissed the petition.

AFFIRMED.