ALFRED ANDERSON et al., Appellants, v. AXEL ANDERSON et al., Appellees.

WILLS: Probate—Mutual or Reciprocal Wills. The probate of one 1   of two wills *which together constitute, in effect, a valid mutual or reciprocal will,* with no provisions for third parties, wholly deprives the unprobated will of any further force or effect as a testamentary instrument.

WILLS: Validity—Mutual or Reciprocal Wills—Separate Instru-2   ments. A valid mutual or reciprocal will results whenever two persons who are under legal or moral obligation to mutually support each other execute, in pursuance of a common intent or agreement, separate wills with identical provisions in favor of each other.

EVIDENCE: Parol as Affecting Writing—Circumstances Attending 3   Execution of Wills. Parol evidence of the circumstances attending the execution of two separate wills is admissible to show that they are in reality but one mutual or reciprocal will.

WILLS: Construction—Substitution on Death of Devisee—Mutual 4   or Reciprocal Wills. The statutory rule (Sec. 3281, Code, 1897) that the heirs of a devisee shall take the devised property in case the devisee predeceases the testator, has no application to the heirs of a devisee when the right of the devisee to take the devise rests solely on the *unfulfilled* condition that he sur-

vive the testator. So held in the case of a devisee under a mutual or reciprocal will.

*Appeal from Winnebago District Court.*—M. F. EDWARDS, Judge.

FRIDAY NOVEMBER 16, 1917.

SUIT in equity to quiet title to real estate. Trial to the court, petition dismissed, and plaintiffs appeal.—*Affirmed.*

*H. A. Brown* and *Constant Larsen,* for appellants.

*Thompson & Loth,* for appellees.

WEAVER, J.—Carl O. Anderson and Anna Elizabeth Anderson were husband and wife. In the year 1903, having reached mature age and being childless, they each made a will naming the other as sole beneficiary thereof. The two wills are identical in form in all respects except in date, that of the wife bearing date July 10, 1903, and that of the husband, August 15, 1903. The husband died March 27, 1910, and his will was admitted to probate. The wife died December 18, 1910, and her will was also admitted to probate. The plaintiffs are the heirs at law of the husband, and defendants are the heirs at law of the wife. The petition states the facts above recited, alleges that, under and by virtue of the wills of Carl O. Anderson and Anna Elizabeth Anderson, and of the laws of Iowa applicable to such case, plaintiffs are vested with all the estate of which the latter died seized or possessed, and asks to have such title confirmed in them. The defendants admit all the facts stated in the petition, but allege that the wills were mutual and reciprocal, constituting together a single act or transaction on the part of husband and wife, for

1. WILLS: probate: mutual or reciprocal wills.

2. WILLS: validity: mutual or reciprocal wills: separate instruments.

the purpose of vesting all their property, whether joint or several, in the survivor of them; and that, upon the death of the husband without revocation of the will upon the part of either, the purposes of their reciprocal devises were fully accomplished by the vesting of all the property of the husband in the widow, and the will which had been made by her for the benefit of the husband in case he should survive her became null and of no effect. They further aver that, as to all of the property in controversy, the said Anna Elizabeth Anderson died intestate, and that they, as her heirs at law, have succeeded to her title, which they ask to have confirmed in them.

3. EVIDENCE: parol as affecting writing: circumstances attending execution of wills.

The parties stipulated in the trial court to submit these issues for decision upon the pleadings in the case and probate records in the matter of the estate of Carl O. Anderson, together with the affidavit of J. E. Anderson, which was to be treated and considered as a deposition, but subject to all proper objections which might have been urged to the matters testified to by the witness had such deposition been taken in due form. The affidavit so admitted to the record is as follows:

"State of Iowa,       )
                      ) ss.
"Winnebago County )

"I, J. E. Anderson, being first duly sworn do on oath depose and say that I am personally acquainted with Anna Elizabeth Anderson and Carl O. Anderson, husband and wife, during their lifetime. That some time during the year 1903 they desired to make their wills, and they consulted me several times in this connection. They were without children, and about forty-five years old. Their property was ostensibly owned by him, but they owned and occupied a farm near Forest City, which was their sole source of in-

come, and operated it together. Mrs. Anderson came to my office several times, and told me that she and her husband had agreed to will their property so that whoever outlived the other was to acquire the whole, and asked if it could be done that way. Later, Mr. Anderson came in, and told me that they had agreed to make a will which would give all their property to the one that lived longest. Both told me that they would dispose of their property in this way; that they wanted me to draw up wills in order that this agreement might be effectuated. I was and am an attorney-at-law. They usually came in separately, because one or the other had to stay on the farm, where they lived alone. I think that they came in together once, at least. I had several conversations with both parties. They expressed no desire, intent or agreement that any property was to go to either of their heirs, but said the bequest to the survivor was final.

"Early in July, 1903, I drew up two wills in identical terms, whereby each left all his property to the other. One will was signed by Anna Elizabeth Anderson on July 10th, 1913. I told her it was the will I had prepared in accordance with her instructions and the agreement of her and her husband. She said that was right, and that her husband would come in and sign up soon, but he was sick that day.

"About Aug. 15th, 1903, Mr. Anderson came into the office, asked for and signed the will I had prepared for him. I told him also that it was the will that was drawn to meet the agreement between him and his wife. I prepared two wills because it was difficult for both to come to town at once to sign, because I thought it the simplest and clearest way to express their desire.

"Duly verified."

The plaintiff objected to the competency and materiality of each and all of the matters shown by the affidavit.

The trial court found and held that the wills in question were the mutual and reciprocal wills of the husband and wife, constituting together a single transaction, which could be given effect but once, and that, upon the admission of the will of Carl O. Anderson to probate, the purpose of both wills was satisfied and accomplished, and that Anna Elizabeth Anderson died intestate, leaving the defendants, her only heirs at law, vested with the sole right to succeed to her estate. From the decree entered to this effect, the plaintiffs have appealed.

Counsel for appellants contest very vigorously the proposition that the wills were mutual, and especially deny the correctness of the court's conclusion that Anna Elizabeth Anderson died intestate. It is their contention that Mrs. Anderson died testate, and that her will, hereinbefore mentioned, should be given effect according to the statute (Code Section 3281), which provides that:

"If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest."

The argument is addressed to two propositions: First, that the testimony of J. E. Anderson, the scrivener who drew the wills, is inadmissible for any purpose, and constitutes an attempt to amend or change a will, the meaning of which is clear upon its face; and, second, that plaintiffs' right to the benefit of the devise in the will of the wife is conclusively fixed by the statute above quoted.

I. It may be conceded that extrinsic evidence is inadmissible to vary or change the terms of a will or to make another and different will for the testator, but this does not mean that evidence may not be admitted to show the circumstances which accompanied or attended the making of the instrument, or to identify the papers or writings which in fact constitute the will of the deceased. *Lorieux v. Kel-*

*ler*, 5 Iowa 196; *Huston v. Huston*, 37 Iowa 668; *Bradbury v. Jackson*, (Me.) 54 Atl. 1068. And this is especially true where, as in the case at bar, it is claimed that two or more writings made at or about the same time are part of a single transaction, and together constitute in law a single will. In such case, resort may be had to all papers of a testamentary or contractual character which entered into the transaction, if any, out of which or in pursuance of which the will was made. See *Murphy v. Black*, 44 Iowa 176. The cited case is quite in point, both in its facts and in the rule of evidence there applied. Under that rule, it was entirely competent in the present case for the appellees to show, if they could, the execution of both wills, and the circumstances, if any, tending to show their mutual or contractual nature. That such testimony tends not to destroy the will of the deceased or to change or vary its terms, but rather to designate and identify the entire instrument, is obvious. The will which the rules of evidence contended for by appellants are intended to protect against extrinsic evidence, is the will as an entirety, and if its terms are to be found or deduced from two or more written parts, it is this completed instrument to which we must look to get at the testamentary intent. In the *Murphy* case, as in this case, the plaintiff planted his claim of right upon the will of a deceased wife, and there, as here, the defendants denied the effectiveness of the alleged will, saying that such will and a will made to the wife by the plaintiff were made and executed at the same time and as a single transaction; that by said wills plaintiff and his wife devised each to the other a life estate in all their property, and that together they devised the remainder, after the death of both, to the defendants. The court construed all these papers together, as necessary to a proper understanding of the wife's will. In so doing, the court says:

"These several instruments were executed at the same time, or as near the same time as could be, and were evidently intended to be parts of the same transaction. * * * In the construction of wills, the intention of the testator is the first and great object of the inquiry, and all papers of a testamentary character must be taken and considered together, and therefrom the intention of the testator ascertained. * * * Substantially all three of these instruments are one, executed at one and the same time, and might well have been contained in one paper."

It is true that in that case the court did not pass upon the validity of the joint or mutual will as such, saying that, for the purposes of that case, it was immaterial whether it be valid or invalid, but suggested by way of query an inclination to hold it invalid. But that doubt no longer exists, and it is now generally conceded that such wills are valid, and this is especially true as between husband and wife or other persons occupying relations which imply legal or moral obligation of mutual support. As between strangers, and in the absence of any such obligation, legal or moral, such a transaction would possibly be held to partake too largely of a mere wager or gambling transaction to command judicial approval; but this is a question which is not found in the present case, and we need not attempt its decision.

In a joint or mutual will for the benefit of the survivor, there is an element which partakes of the nature of contractual obligation. It is one, however, from which either of the parties may recede by a revocation made with notice in the lifetime of the other; but if there be no revocation before the death of one of the parties, the right of the survivor is thereby fixed and determined according to the terms of the mutual will. Much of the confusion and doubt which is liable to arise over cases of this kind is readily removed

if we keep in mind the essential truth that the two instruments *constitute a single will,* and that it is, in all essential respects, the *will of the first to die,* and when such death occurs and the will is thereby made effective and is established in probate, such joint or mutual instrument has served its full purpose, and it has no further existence as the will of the survivor. The generality of this statement is subject to this exception: that if, as sometimes happens, the mutual character of the will is limited to a fractional part of the survivor's estate, and in the same instrument such survivor includes a bequest or devise to some third person or class of persons, then to that extent the instrument is an individual will, and to that extent may be carried out. This exception is illustrated in *Rastetter v. Hoenninger,* (N. Y.) 108 N. E. 210. There the mutual and reciprocal will of husband and wife was restricted in its reciprocal feature to a life estate to the survivor in the property of the other, and the same instrument provided for a devise of the remainder over to a third person; and it was held that, because of this latter feature, the instrument was provable as the will of the survivor. Our own case of *Baker v. Syfritt,* 147 Iowa 49, is also in point.

That the two wills in this case were intended to be reciprocal can hardly be doubted, unless we are to discard all extrinsic evidence. Probably, since the wills bear different dates, the mere fact that each makes the other spouse the sole beneficiary would not, of itself, be sufficient to indicate any agreement or understanding that the two instruments were to be mutual or reciprocal, for such wills might be executed without either party's knowing what the other had done in that respect. But we think there is no rule of evidence which excludes proof of facts tending to show that the husband and wife did act each with the knowledge of the other; that the two wills were drawn by

the same person at the same time and in identical terms and at the joint request or direction of both husband and wife; and that, although the dates of their execution differ by a few days, they were in fact executed in pursuance of a common understanding and purpose. We may, for the purposes of the present case, exclude from our consideration all that the witness J. E. Anderson says of the statements of the parties to him concerning the contents of the wills or of their intentions therein expressed, and there still remains in the record enough to abundantly justify the conclusion of the trial court that the wills were the result of a mutual or reciprocal agreement or understanding between them. To use the language of the Illinois court in a similar case:

"If evidence of a mutual compact is necessary in such case, that evidence is afforded by what the parties did. We cannot see how the situation would be different if witnesses had testified that they heard this husband and wife discuss what disposition they would make of their respective estates, and that they agreed with each other that they would make a joint will such as they did make. The fact that they made such will is satisfactory proof to our minds that it was done in accordance with their mutual compact to dispose of their property in this manner." *Frazier v. Patterson,* 243 Ill. 80.

To reach this conclusion upon the record before us necessitates no disregard of the rules which require the court to construe a will according to its terms when read as an entirety in the light of the circumstances under which it was executed.

II. Does the statute which appellants invoke (Code Section 3281) have any application to this case? In our judgment, it does not. By this provision, which pre-serves to the heirs of a devisee who prede-

4. WILLS: construction: substitution on death of devisee: mutual or reciprocal wills.

ceases the testator making the devise the right to succeed
thereto, a lapse is prevented. That is, if the devise is one
which would have vested in the deceased devisee at some
time had he lived, his heirs take his place in the same right.
They take through the devisee, or (perhaps in more accu-
rate terms) they take in his stead by way of representation
or statutory substitution. But their right is not of any
better or higher quality than was his. If, then, as we have
already indicated, the wills are to be treated as mutual and
reciprocal, constituting in legal effect the will of the first
to die, it follows that the reciprocal devise, which would
have vested in the husband had the wife died first, could
never become effective or payable either to the husband or
his heirs. In other words, the husband's rights in the es-
tate of his wife were by the will made to depend solely upon
his surviving her. He did not survive her, and the will
she had made in his favor, conditioned upon his outliving
her, can never be made effective for any purpose at the de-
mand of his heirs. This is the logical and necessary result
of the most recent holdings on this branch of the law of
wills. *Baker v. Syfritt,* 147 Iowa 49; *Campbell v. Dunkel-
berger,* 172 Iowa 385; *Murphy v. Black,* 44 Iowa 176; *Ras-
tetter v. Hoenninger,* (N. Y.) 108 N. E. 210; *Edson v. Par-
sons,* 155 N. Y. 555; *Frazier v. Patterson,* 243 Ill. 80; *In re
Diez,* 50 N. Y. 88; *Cawley's Estate,* 136 Pa. St. 628; *Dufour
v. Periera,* 1 Dick. Ch. 419; *Carmichael v. Carmichael,* 72
Mich. 76; *Lewis v. Scofield,* 26 Conn. 452; *Ex parte Day,* 1
Bradf. (N. Y. Sur.) 476; *Carle v. Miles,* (Kan.) 132 Pac.
146; *Gerbrich v. Freitag,* 213 Ill. 552; together with the
numerous authorities cited in these precedents. While these
cases are not all closely in point with the one at bar, they
do together, though with some variances, afford a fair guide
to correct conclusions upon a question which is not fre-
quently before the courts, and the law upon which has not

yet progressed entirely beyond its formative period. But the present case brings it up in its simplest and least complicated form. The will, as we construe it, is wholly reciprocal. Each party thereto makes the other the sole beneficiary. It creates no remainders and no executory devises. The survivor is to take all that either or both has to give, benefits which are subject to no condition or contingency save that of survivorship. As the husband died first, the instrument is to be treated and given effect as his will alone, and when this is done, nothing is left to operate or to be given effect as the will of the survivor.

The judgment of the district court is therefore—*Affirmed.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.