In the Matter of the ESTATE OF Alvena ARENDS, Deceased.

Bernard Ben ARENDS,
Petitioner-Appellee,

v.

Betty OLSON, Fern Carlson, and Bernadine Peterson,
Respondents-Appellants.

No. 2–64916.

Court of Appeals of Iowa.

Aug. 25, 1981.

James Kramer of Johnson, Erb, Latham & Gibb, P.C., Fort Dodge, for respondents-appellants.

Lloyd Karr of Karr, Karr & Karr, Webster City, for petitioner-appellee.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

CARTER, Judge.

Respondents, who are sisters of petitioner, appeal from determination of the trial court a) that under the joint will of the parties' grandparents, the parties' deceased father acquired, upon the death of the first grandparent to die, an interest in real estate then owned by the surviving grandparent; and (b) that this interest was devised to petitioner under the will of the parties' father who predeceased the surviving grandparent. For reasons developed in the discussion which follows, we disagree with the ruling of the trial court.

Most of the facts underlying this appeal are not in dispute. The controversy involves title to an interest in real estate described as:

The Northwest Quarter (NW¼) of Section No. Ten (10) in Township No. Eighty-eight (88) North, Range No. Twenty-three (23), West of the 5th P.M., in Hamilton County, Iowa.

Berend and Alvena Arends, husband and wife, who were grandparents of petitioner and respondents, owned this property as tenants in common prior to Berend's death on October 24, 1954. On October 5, 1954, they executed a joint will, which provided in pertinent part:

It is our will and the will of each of us that upon the death of either of us, the survivor shall take and hold a life estate for the term of the natural life of such survivor in all the properties of which the first decedent shall have died seized or possessed.

\*　　\*　　\*　　\*　　\*　　\*

If at the time of the death of such survivor as hereinbefore provided for we shall have to that time owned and possessed the following described real property, to wit:

[description of the property in question] then we give, devise and bequeath unto our son, Bernard E. Arends, said real property, such devise and bequest to be subject to whatever mortgage indebtedness may be owing by us on it at such time.

The will contained specific devises of other property and a residuary clause devising any remaining property to the testators' children in equal shares. Upon Berend's death, this joint will was admitted to probate as his will and Alvena elected to take thereunder.

Bernard E. Arends, the father of petitioner and respondents, who under the joint will was the specific devisee of the real estate in dispute, died on June 2, 1968. His will purported to devise all of the disputed property to the petitioner, Bernard Ben Arends. The entire property was listed in the probate inventory filed in Bernard E. Arends' estate and shown to be subject to a life estate in Alvena. The present dispute arose when Alvena died in January of 1976. The joint will executed on October 5, 1954, was admitted to probate as her will and the final report which was filed in her estate declared that she owned an undivided one-half interest in the disputed property at the time of her death.

Petitioner, Bernard Ben Arends, then filed objections to this final report and a petition for declaratory judgment seeking a determination of his interest in the disputed property. In these matters, petitioner alleged that at the time of Alvena's death she owned only a life estate in all of the subject property with the entire remainder vested in petitioner. It is alleged that this state of the title was brought about as a result of the fact that the joint will of Berend and Alvena was a contractual will under which all interests vested upon the death of the first joint testator to die. These issues were tried to the district court which rendered a decree essentially agreeing with petitioner's position. The trial court found that the joint will was contractual. It concluded that as a result fee title to all of the subject real estate, both Alvena's half and Berend's half, vested in Bernard E. Arends upon Berend's death, subject to a life estate in Alvena. The trial court further concluded that this fee interest was devised to petitioner under the will of Bernard E. Arends and that petitioner presently owns said real estate to the exclusion of any interest of the respondents. The respondents have appealed from this determination.

I. We note initially that while the trial court's decree concerned the entire fee interest in the subject property, the claims on appeal embrace only the undivided one-half thereof which was owned by Alvena Arends. No claim on appeal is made with respect to that part of the trial court's decree providing that the remainder interest in the one-half of the subject property owned by Berend Arends at the time of his death vested in Bernard E. Arends and was subsequently devised by him to petitioner prior to the death of Alvena. We therefore have no occasion to consider the merits of that determination and affirm same on the ground that it has not been challenged on appeal.[1]

II. As to the remaining one-half interest in the subject property (Alvena's half), respondents present three alternative arguments in seeking reversal. First, they urge that the petitioner's proof was insufficient to show that the joint will of Berend and

---

1. Any ambiguity in this regard in appellants' brief was clarified by a concession made in oral argument.

Alvena was contractual. Second, they urge that if the joint will is found to be contractual, that contract was binding upon the survivor only with respect to the property of the first to die. Third, and finally, it is urged that even if the joint will is found to be contractual with respect to the undivided one-half interest in the subject property owned by Alvena at the time of Berend's death, Bernard E. Arends acquired no interest therein during his lifetime. If any of these three theories is accepted by the court, Alvena owned an undivided one-half interest in the subject property at the time of her death which, as a result of the prior death of Bernard E. Arends, would be distributable pursuant to the anti-lapse statute (section 633.273, The Code). Because we are in complete agreement with the third contention argued by respondents which, if accepted, is fully dispositive of all claims involved, we make no determination concerning the other contentions advanced.

■ Our review of the relevant authorities leads to the conclusion that any devise of Alvena's interest in the subject property under the joint will did not become effective until her death. This conclusion is not altered if we accept as true for purposes of argument petitioner's claim that the October 5, 1954 joint will of Berend and Alvena was contractual, binding the survivor to a disposition whereby all of the property in dispute was to pass under the will to Bernard E. Arends. A joint will, like any other will, disposes of a testator's property only upon the testator's death. Petitioner has supplied no authorities from this jurisdiction supporting the trial court's determination that such a will may effectively dispose of the survivor's property upon the death of the first joint testator to die.

Some confusion in this regard may have arisen from certain statements in the cases concerning the contractual nature of joint wills. An example is the discussion contained in *Gillette v. Cable*, 248 Iowa 7, 11, 79 N.W.2d 195, 198 (1956), where the court states:

We may assume the earlier (joint) will would have been sufficient to evidence

(or result in) a contract for the benefit of third persons named therein as ultimate devisees and legatees, had either maker died and the survivor taken advantage of and accepted the provisions made in the joint will for him by the other. Only if and when that happens does a binding contract emerge in such cases, which third-party beneficiaries may enforce . . . .

The cases cited by plaintiffs are in no disagreement with the postulate that no binding contract exists so long as both parties live. Either may revoke. "But if there be no revocation before the death of one of the parties, the right of the survivor is thereby fixed * * * according to the terms of the mutual will." *Anderson v. Anderson*, 181 Iowa 578, 584, 164 N.W. 1042, 1044. *"And where, as in the instant case, provision is made for third parties, the rights of such third parties are equally thereby fixed."* *Child v. Smith*, 225 Iowa 1205, 1214, 282 N.W. 316, 321. Few propositions are better established in our opinions. (emphasis added)

Although the court refers to the fact that provisions for third parties in contractual wills become "fixed" upon the death of the first joint testator to die, we believe this refers to contractual rights rather than property interests. In *In the Matter of the Estate of Chapman*, 239 N.W.2d 869, 872 (Iowa 1976), the court, in commenting on the right of a surviving joint testator to revoke a contractual will, stated:

A will becomes effective only at the testator's death. Until that time, it may always be revoked. This rule is not changed because, in revoking a will, the testator may violate a contract not to do so.

This does not mean the testator may escape his contractual obligations by the expedient of revoking a will designed to carry them out. It simply means the remedy lies elsewhere.

The foregoing conclusion of the court in *Chapman* is totally inconsistent with the view that under a joint contractual will property interests in the survivor's property

vest in third parties upon the death of the first joint testator to die. If this were so, revocation of the will by the survivor could not be permitted as this would destroy the only muniment of title under which a third party might claim.

■ The contractual rights of third parties under a joint will do not extend beyond the disposition which the will itself provides.[2] Where, as in the present case, the will has not been revoked or its provisions changed, and the subject property has not been disposed of at the time the surviving joint testator dies, contractual issues involving third parties do not arise. The situation simply calls for giving effect to the disposition made of the survivor's property as of the date of the survivor's death.

■ When the transactions before the court are so viewed, no conclusion may be drawn from the record other than a finding that Alvena was seized of an undivided one-half interest in the subject property at the time of her death. By this time, Bernard E. Arends had died. The devise of Alvena's undivided one-half interest in the disputed property to Bernard E. Arends under the joint will is therefore distributable pursuant to the provisions of the anti-lapse statute (section 633.273, The Code).[3]

The judgment of the trial court is affirmed to the extent it confirms the title of petitioner to an undivided one-half interest in the real estate previously described in our decision. The judgment is reversed to the extent it also confirmed petitioner's title in the other half of this property. The cause is remanded for an order overruling petitioner's objections to the executor's final report and for a declarative decree providing for disposition of the remaining one-half interest according to section 633.273, The Code. Costs on appeal are taxed to petitioner.

AFFIRMED IN PART; REVERSED IN PART.

---

2. Petitioner is not the object of a third party disposition under the joint will. He nonetheless argues that third party contractual rights in the present case should be extended beyond that which is provided in the will because the record shows that Alvena was aware of the provisions of Bernard E. Arends' will prior to her death. A testator's intention is ordinarily to be found in the provisions of the will itself. *Baldridge v. Greiner*, 225 N.W.2d 114, 115 (Iowa 1977). We believe that such intention should be determined at the time the will is made, based upon the facts then existing. When the joint will of Berand and Alvena was executed, Bernard E. Arends's last will, executed February 29, 1968, was not in existence.

3. This statute provides: "If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will, the intent is clear and explicit to the contrary." We find no indication of a contrary intent in any of the terms of the will.