ANNA P. BIRD v. MARTHA JACOBUS, *et al.,* Appellants, and J. W. GENESER, Administrator of the Estate of MARY E. BIRD, Deceased, Appellee.

**Contract to Make Will:** VALIDITY, A PROMISE TO MAKE A WILL IN FAVOR OF ANOTHER, IS VALID, STATUTE OF FRAUDS. Where one agreed by parol, in consideration of a conveyance of real estate, to make a will in favor of another, devising a life estate, with remainder to the grantor, the consideration consisting of the

real estate, the contract became, after conveyance, executed, and hence is not within the statute of frauds.

CONSIDERATION: Where a woman 80 years of age conveyed property worth $30,000 to a daughter-in-law under an agreement that the grantor should have the profits for life, and that whatever estate the grantee might have at her death was to be given by will to her husband, with remainder to the grantor, the promise of the grantee to make the will was not without consideration.

ENFORCEMENT OF CONTRACT TO MAKE WILL: *Proof required.* While, where plaintiff contends that deceased had contracted to make a certain will, and seeks to have the contract enforced, the proof required should be clear and certain, it is not necessary that it should exclude any controversy over the evidence.

EXPRESS TRUST: *What is not.* A contract whereby one conveyed real estate to another on an understanding that the grantee should will such property as she might have at her death to another for life, with remainder to the grantor, was not void as an attempt to create a trust in real estate by parol, prohibited by Code, section 2918, the agreement not being to devise specific property.

**Evidence:** TRANSACTIONS WITH ONE DECEASED: *Witness found competent.* Where plaintiff contended that, at the time she deeded land to a deceased daughter-in-law, it was agreed that the daughter-in-law should make a will giving her husband a life estate in all her property, with remainder to plaintiff if she survived him, or else to plaintiff's daughter, and that plaintiff should make a will in favor of the daughter-in-law's husband and the daughter, in a suit against the daughter-in-law's administrator, to enforce the contract, brought in the lifetime of the mother-in-law, testimony of the daughter was not incompetent under Code, section 4604, declaring no party or one interested in the event shall be examined as a witness in regard to communications between the witness and the representatives or heirs at law of one deceased, since the daughter, though benefitted by the contract, was not a party to it, for which reason it was revocable as to her, and she could not be disqualified for being the heir of her mother while the latter was living.

**Review on Appeal:** OBJECTIONS BELOW: *Transactions with one deceased.* Where the testimony of a witness was not objected to on the trial on the ground that it was incompetent as calling for a personal transaction with a person deceased, the objection can not be raised on appeal.

*Appeal from Polk District Court.*—HON. C. A. BISHOP, Judge.

WEDNESDAY, JANUARY 30, 1901..

THIS action in equity is to establish an alleged last will, and to quiet title in plaintiff to the property therein devised, or, in the event this relief is not given, to enforce an alleged contract to make a will in plaintiff's favor, and quiet title in plaintiff to the property included in said contract. There was a decree in plaintiff's favor, and the defendants other than J. W. Geneser, administrator, appeal.—*Affirmed.*

*Dudley & Coffin* and *McVey & McVey* for appellants.

*Barcroft & McCaughan* and *L. M. Earle* for appellee.

WATERMAN, J.—Prior to April 30, 1888, plaintiff was the owner of lots 1, 2, 7, and 8 in block 6 in Bird's addition to the city of Des Moines, and the north 129½ feet of lot 9 of the official plat of the northwest ¼, southeast ¼, section 4, townshop 78 north, range 24 west of fifth P. M., and also of certain moneys, bonds, and securities. Mary E. Bird was the wife of plaintiff's son, W. K. Bird, and Louise B. Hyde is plaintiff's daughter. W. K. Bird had failed in business, and was indebted to a number of persons, who are parties defendant in this proceeding. Both W. K. Bird and Mary E., his wife, are dead, and without issue; and J. W. Geneser, who is a defendant herein, is administrator of their respective estates. Martha J. Jacobus, also a defendant in this action is a sister and sole heir at law of Mary E. Bird, whose death occurred November 15, 1896. Her husband, W. K. Bird, died intestate March 11, 1897. On April 30, 1888, plaintiff, in consideration of $10 and love and affection, conveyed lots 1, 2, 7, and 8 in block 6, above mentioned, to Louise B. Hyde and Mary E. Bird, reserving to grantor the rents and profits during her life; and on August 5, 1893, in consideration of $1 and love and affection, con-

veyed to the same grantees the north 129½ feet of lot 9, heretofore more particularly described, reserving also to grantor the rents and profits during her life. In March, 1897, W. K. Bird conveyed to his wife, Mary E., their homestead in the city of Des Moines, being lots 3 and 4 in block 2 in Bird's addition. In the year 1889 Mary E. Bird received from the Pennsylvania Railroad Company the sum of $2,500 for injuries by her received through the negligence of said company. In the year 1888 plaintiff procured to be issued to Mary E. Bird $2,500 in debenture bonds of the Iowa Loan & Trust Company. They were given because plaintiff had previously advanced the sum of $2,500 to Louise B. Hyde, and she wished to treat daughter and daughter-in-law alike. These latter facts were given in evidence as tending to show the value of Mary E. Bird's estate, though it must be said that not all of this personalty remained at her death. It is claimed on behalf of plaintiff that Mary E. Bird executed a will, which is lost or destroyed, in which she devised her entire estate to her husband and Louise B. Hyde for their respective lives, with remainder over in fee to plaintiff. This will was never probated. It is also claimed that at the time plaintiff deeded the property mentioned to Mary E. Bird there was an agreement between them that Mary E. Bird should make a will disposing of the entire estate she might leave at her death, first to W. K. Bird for life, but in such manner as not to be subject to his debts, and remainder in fee to plaintiff if she survived him, and, if not, such remainder to go to Louise B. Hyde. As a part of this agreement, plaintiff was also to make a will of her remaining estate, in which, after making provision for a demented son, all her property was to be given W. K. Bird and Louise B. Hyde, but in such way that W. K. Bird was to have only a life interest, which could not be reached by his creditors. This is a sufficient preliminary statement of the case, although there are a few additional facts which will be set out in their proper connection.

Two questions are discussed by counsel: (1) Has the lost will been established? and has it been established there was a contract to make a will as alleged? We shall take up only the last of these issues, for our finding upon it disposes of the case. First, it is said the testimony does not establish any such contract, and in this connection it is urged that some of the testimony received should not be considered. The principal evidence on this point came from Judge Barcroft, who was the legal adviser of Anna K. and Mary E. Bird, and who testifies to their statements made to him. It is claimed that Mary E. Bird was of unsound mind when such statements were made by her. It is true that, as the result largely of the injury she suffered through the negligence of the railway company, she became unsound of mind, in the latter part of her life, but it does not appear that her mind was impaired at the time of which Judge Barcroft speaks. Again, it is said that Anna K. Bird would have been incompetent as a witness to this contract under section 4604 of the Code, and that she cannot, on principle, be allowed to speak through another. We do not find that this objection was made in the trial court. See *Burdick v Raymond,* 107 Iowa, 228, as to the form of objection necessary to be made to raise the point presented in argument. This last objection may, however, properly be said to be interposed as to the witness Louise B. Hyde, and in her case it is not good. She has no interest in the subject matter of this action as heir of Anna P. Bird while the latter is still living; nor can she be said to have any interest under the will made by Anna P. Bird at the time of the contract with Mary E. Bird, for this will may at any time be changed; for, although Louise B. Hyde was benefited by, she was not a party to, the contract to make the will. *Chicago, R. I. & P. Ry Co. v. City of Ottumwa,* 112 Iowa, 300; *German State Bank v. Northwestern Water & Light Co.,* 104 Iowa, 717. The interest

which disqualifies under this section must be "a legal, certain, and immediate interest." *Birge v. Rhinehart,* 36 Iowa, 369. It is further urged that such an agreement, if made, is within the statute of frauds. 'A promise or agreement to make a will in another's favor is valid, and may be enforced. *Allbright v. Hannah,* 103 Iowa, 98. If it is for the transfer of an interest in lands, it is taken out of the statute of frauds by the payment of a consideration. *Carmichael v. Carmichael,* 72 Mich. 76 (40 N. W. Rep. 173). See, also, notes to section 4626, Code. The agreement made by Mary E. Bird was in consideration of the conveyance of read estate made to her by Anna P. Bird and the transfer to her of the debenture bonds. It is claimed there is no evidence that Anna P. Bird paid for these bonds. If this were true, the conveyance of their real estate would still be a consideration. But it is not correct. Louise B. Hyde testifies that her mother gave the bonds to Mary E. Bird, and she is nowhere contradicted. Having settled, then, what testimony we may properly consider, it is enough to say that the decided weight of the evidence clearly establishes an agreement by Mary E. Bird to make a will as alleged.

II. But, again, it is urged that the agreement, if made, was without consideration, for that Anna P. Bird retained the rents and profits of the real estate conveyed during her life. Leaving out of question the debenture bonds, as to which counsel do not agree, and we have this state of facts bearing on the question under consideration: Anna P. Bird, at the time of the first conveyance, was almost 80 years of age, and in feeble health. The property conveyed was worth $30,000. There was, at the time, every prospect that Mary E. Bird would outlive her grantor, and enter into the full enjoyment of the property conveyed. We cannot but regard the arrangement as advantageous to her.

III. It is contended further by counsel for appellant that plaintiff is attempting to establish a trust in real estate

by parol evidence, in violation of the terms of section 2918, Code. We cannot see that anything of the kind is here sought by plaintiff. There was nothing in this agreement that prevented Mary E. Bird from disposing of her interest in this real estate at any time during her life.

The agreement of Mary E. Bird was not to devise to plaintiff any specific property, but only such as she might have at her death. She could not give away the property merely to defeat her obligation, but otherwise her free use of it was not restricted. A contract of this kind creates no trust in the property. *Riddle v. Beattie,* 77 Iowa, 168; *Newton v. Newton,* 46 Minn. 33 (48 N. W. Rep. 451); *Allbright v. Hannah, supra.* The contract appears to us to have been fair to Mary E. Bird. When made there was every reason to expect she would derive from it more advantage and benefit than Anna P. Bird could hope for. While a contract of this kind must be clear and certain in order to be enforced, this does not mean that the proof must be so clear as to exclude any controversy over the evidence. We unite in the conclusion that the decree of the district court must be AFFIRMED.