R. H. MALONEY, Administrator, et al., Plaintiffs, Appellees, v. MARIAH ROSE et al., Defendants and Cross-petitioners, Appellants.

No. 43969.

FEBRUARY 8, 1938.

Jerome E. Whalen, for appellants.

Sayers & Hutcheon and E. G. Albert, for appellees.

STIGER, C. J.—On March 6, 1907, James W. Huntington and Ella K. Huntington, husband and wife, executed separate wills, each testator devising all his property to the other. At the time the wills were executed, Mr. Huntington was 62 years of age, Mrs. Huntington was 50 years old and there were no surviving children or grandchildren. Each owned separate property. Mr. Huntington was the first to die. His estate was fully administered and closed, all his property being bequeathed and devised to his wife. Mrs. Huntington passed away in November, 1933, and her will was duly admitted to probate. The executor of her estate filed his final report in which he made the following allegations:

"The will of Ella K. Huntington, deceased, devising absolutely, all of the property of every nature of which she died seized to her husband, James W. Huntington, was a mutual and reciprocal will, executed pursuant to an agreement between testatrix and her husband by which the property of the one first to die should go to the survivor of them and that Ella K. Huntington, having survived her husband, James W. Huntington, her estate descends as intestate property to her heirs-at-law. That her will being the expired portion of mutual and reciprocal wills was ineffective, upon the death of her husband and the probate of his will, to pass title to her property."

The heirs of James W. Huntington filed objections to the final report alleging that they were entitled to all the property disposed of by the will of Ella K. Huntington as the heirs of James W. Huntington, sole devisee under her will. The objectors then moved that the matter of the objections to the final report based on the construction of the will be transferred to

equity. Thereafter, plaintiffs, heirs at law of Ella K. Huntington, filed a petition to construe the will of Ella K. Huntington and determine succession to the property. The petition alleged that the said wills were prepared by the same attorney, executed at the same time, and witnessed by the same persons; that they were executed pursuant to a mutual understanding and agreement that the survivor should acquire title to all the property of either testator and that, by reason thereof, the will of Ella K. Huntington was inoperative at the time of her death and that the property belonging to her estate descended to her heirs as intestate property. The defendants, heirs at law of James W. Huntington, filed an answer and cross-petition. The answer alleged that the will of Ella K. Huntington having been duly admitted to probate, the judgment admitting the will to probate was a binding adjudication on the plaintiffs not only as to the due execution of the will but as to the proper disposition of the property disposed of, and that the plaintiffs cannot attack the judgment collaterally by the proceeding to construe the will. The answer further stated that the plaintiffs were estopped by their conduct from maintaining the action because they acquiesced in the judgment admitting the will of Mrs. Huntington to probate and by acquiescing in the administration of the estate as a valid testate disposition thereof and cannot now collaterally attack the validity of the will or assert that it is not a valid testamentary disposition of her estate. The answer also alleged that the will of Mrs. Huntington was her separate will and especially denied that the wills were mutual in character, and stated that the alleged contract or compact for mutual wills violated Code section 10447 of the 1931 Code.

The cross-petition stated that the will of Ella K. Huntington devised and bequeathed all of her property to James W. Huntington, and, the devisee having died before the testator, the defendants as his heirs were entitled to the property under the antilapse statute, Code section 11861.

A decree was entered in which it was determined that the instruments constituted mutual and reciprocal wills and decreed that upon the death of James W. Huntington the will of Ella K. Huntington became inoperative and that her property descended and should be distributed in the same manner as though she had died intestate. The defendants, heirs of James W. Huntington, appealed.

Mr. Huntington devised all of his property to his wife, naming her as executrix, and Mrs. Huntington devised all of her property to her husband, naming him as executor. The wills were signed and executed at the same time in the presence of the same witnesses, contained reciprocal provisions, each testator acting with knowledge of the other. The witnesses to the wills were R. G. Howard and A. D. Howard, who were associated in the practice of law at Jefferson. At the time of the trial, A. D. Howard was deceased. Mr. R. G. Howard testified that Mr. Huntington came to see his brother, A. D. Howard, about a will and that a will was prepared for Mr. Huntington a day or two prior to March 6, 1907; that on March 6, 1907, Mr. and Mrs. Huntington came to the office together and that Mr. Huntington's will was completed and Mrs. Huntington's will was drawn and both wills were then executed in the presence of the testators and the witnesses; that the drawing of the wills was the only business transacted for the testators that day; that when he was called in to witness the wills, Mr. A. D. Howard stated to him in the presence of the testators that they were fixing their wills in favor of the survivor so that when either died the other would get the property.

■■■ Mutual wills are those which are executed pursuant to an agreement or compact between two or more persons to dispose of their property in a particular manner, each in consideration of the other. Such wills, if they contain no provisions for third persons, constitute a single will and is the will of the first to die, and has no further existence as the will of the survivor. Maurer v. Johansson, 223 Iowa 1102, 274 N. W. 99.

The wills and the circumstances attending their execution constituted sufficient proof of a prior compact to make mutual wills. Anderson v. Anderson, 181 Iowa 578, 164 N. W. 1042; Maurer v. Johansson, 223 Iowa 1102, 274 N. W. 99. The quantum of proof offered by the plaintiffs to establish a prior compact for mutual wills fully met the requirements of the above cases. The wills being mutual constituted a single will, which was the will of the first to die, that is, it was the will of James W. Huntington. After the death of her husband the will of Ella K. Huntington had no existence as her separate will, was inoperative, of no force or effect, and her property descended as intestate property to her heirs at law.

There was no will under which the heirs of James W.

Huntington, beneficiary under the will of Ella K. Huntington, could take under the provisions of the antilapse statute, Code section 11861. The trial court was right in holding that the heirs at law of Mrs. Huntington, plaintiffs herein, were entitled to her property.

■■■ Appellants contend that a contract for mutual wills between a husband and wife violated the provisions of Code section 10447, which reads as follows:

"10447. Interest of spouse in other's property. When property is owned by the husband or wife, the other has no interest therein which can be the subject of contract between them, nor such interest as will make the same liable for the contracts or liabilities of the one not the owner of the property, except as provided in this chapter."

In a compact for mutual wills, the agreement is that each testator will dispose of his property in a certain manner. Each disposition is the consideration for the other. The subject matter of the compact is not the interest of one spouse in the other's property. We held adversely to appellant's contention in the case of Baker v. Syfritt, 147 Iowa 49, 125 N. W. 998. In that case, we stated, 147 Iowa 49, on page 60, 125 N. W. 998, 1002, with reference to said section:

"This restriction invalidates agreements the subject of which is the right which, by reason of the marriage relation, one of the parties has in property owned by the other. It goes no farther."

■■■ Another point raised by the appellants is that the plaintiffs cannot collaterally attack the judgment admitting the will of Ella K. Huntington to probate. The record does not disclose that in the probate proceedings resulting in the admission of the will to probate, the question of the right to property under the will was determined. It has been the repeated pronouncement of this court that an order admitting a will to probate decides nothing but its due execution and publication. In re Will of Tinsley, 187 Iowa 23, 174 N. W. 4, 11 A. L. R. 826. The adjudication admitting the will to probate being conclusive only of matters determined, the petition of the plaintiffs for a construction of the will of Mrs. Huntington and a determination

of property rights thereunder does not constitute a collateral attack on the judgment admitting the will to probate.

Appellants further contend that plaintiffs are estopped by acquiescing in the administration of the estate under a valid testamentary disposition thereof and cannot now assert that it is not a valid disposition of her estate. After the will of Mrs. Huntington was admitted to probate, the executor proceeded with the administration of the estate and filed his final report in which he alleged that the wills were mutual and, Mrs. Huntington having survived her husband, her estate descended as intestate property to her heirs at law. This construction of the wills by the executor is the same construction given them by the heirs of the testator, plaintiffs herein.

Until the time arrived for distribution and determination of rights in real estate under the will and the position that would be taken by the executor was known to the plaintiffs, there was no necessity for them to act. When the final report was filed disclosing the construction given the wills by the executor, which was favorable to plaintiffs, there was no occasion for them to question the report. The defendants, heirs of James W. Huntington, immediately upon the filing of the final report filed objections to the report claiming that they were entitled to the estate as heirs of James W. Huntington. We fail to find in the record any position assumed by plaintiffs that resulted in inequitable consequences or prejudice to the defendants. The elements constituting estoppel were not established by appellants. Furthermore, the defendants did not plead an estoppel as to the plaintiff R. H. Maloney, administrator with the will annexed, of the estate of Ella K. Huntington.

■■■ Appellants further state:

"The matters specially pleaded in appellants' answer as defenses to plaintiffs' right to recover, were not attacked by motion, demurrer or otherwise and having been established at the trial in the lower court as pleaded, constitute a complete defense to plaintiffs' right to recover. Likewise the matters alleged by appellants in their cross petition as a basis of their right to recover, not having been attacked by motion, demurrer or otherwise and having been established upon the trial in the lower court, constitute a good cause of action in favor of the appellants upon which they were entitled to recover."

To sustain this proposition, the appellants rely on the rule which is stated in Ormsby v. Graham, 123 Iowa 202, at page 211, 98 N. W. 724, 728, as follows:

"The defense thus pleaded was not attacked by motion or demurrer, nor was the effect thereof sought to be avoided by reply. The allegations of this answer were established by the evidence, without material dispute. It is a rule often approved by this court that, if matter pleaded as a defense is not assailed by motion or demurrer, it will, *if proved*, defeat the plaintiff's action, although, had the question been raised, the answer would have been held to present no defense." (Italics supplied.)

Under this rule, if the pleading is insufficient and is unchallenged, the allegations *if proven* will defeat the action. Assuming that the answer and cross-petition were insufficient and subject to attack, with which assumption we do not agree, the appellants failed to prove the special defenses asserted in their answer and the allegations of their cross-petition. It follows that the Ormsby case has no application to the situation here.

The judgment and decree appealed from is affirmed.—Affirmed.

KINTZINGER, HAMILTON, SAGER, DONEGAN, MILLER, and ANDERSON, JJ., concur.