H. E. CULVER, Guardian, Appellee, v. MINERVA E. HESS et al., Appellants; HENRY J. HESS et al., Appellees.

No. 46501.

878

June 6, 1944.

Guy C. Richardson, of Jefferson, for appellants.

R. E. Duffield, of Guthrie Center, for H. E. Culver, Guardian, appellee.

C. H. Taylor, of Guthrie Center, for Henry J. Hess and Frank W. Hess, appellees.

HALE, J.— On August 25, 1919, Henry J. Hess and his wife, Minerva E. Hess, executed a will, signed by both, which provides: first, for payment of debts; second, directs

a $500 legacy to be held in trust for the upkeep and preservation of the burial place; and provides in the third paragraph:

"We hereby give, bequeath and devise unto the one of us who shall survive the other, all of the rest and remainder of our estates joint or several of every kind, real, personal or mixed to be held by said survivor absolutely in fee simple."

Paragraph four recites that the testators have previously conveyed farms to the two sons, which they "intend to be all of their share in the estate of either one of us or in any joint estate of ourselves, until after the death of both of us, the said testators herein named."

Next, in paragraph five, the will directs "that upon the death of the survivor of us, and after all the foregoing provisions of this Will shall have been executed fully, then all that may remain of our joint and several estates shall be distributed by the Executor of our said Will, after the payment of the costs of Administration, shall be divided, share and share alike between our said sons, Henry Mason Hess and John Dow Hess, and we hereby give, bequeath and devise all said remainder of our said estate to our said sons accordingly."

Henry J. Hess died and his will was duly admitted to probate. His widow, Minerva E. Hess, still survives. Appellee Culver is her guardian in voluntary guardianship. Only one clause of the will, paragraph three, is alleged to be in controversy.

On June 17, 1943, plaintiff, as guardian, filed a petition naming as defendants Minerva E. Hess, Henry Mason Hess, the son, and two sons of John Dow Hess, deceased, Henry J. Hess and Frank W. Hess, also B. C. Burns, a judgment creditor of Henry Mason Hess. The petition asks that the will be construed to establish the title to the real and personal property in Minerva E. Hess in fee simple, or, if not absolute in fee simple, to define the rights of plaintiff to encumber or convey. Decree is asked giving plaintiff, as guardian, authority to sell or encumber, a question not now in issue herein and not considered. Defendant Burns made default. Minerva E. Hess by answer denies that the will was joint, denies the power of the court relative to her right to make a will or to make any

order which would establish her title to the real estate other than absolute, and denies plaintiff's right to prosecute the action without previous authority of court. Henry Mason Hess denies title in the real estate to be in the widow, and denies plaintiff's right to maintain an action to decree title in Minerva E. Hess other than fee simple, and denies plaintiff's right to prosecute this action. Henry J. Hess and Frank W. Hess in their answer ask that the will be construed declaring that they hold a contingent remainder and that the interest of Minerva E. Hess be declared not to be an absolute fee simple title. The facts herein are not in dispute, the controversy being as to the right of plaintiff to bring the action, and the construction of the will.

Trial was had to the court, and on December 7, 1943, decree was entered by the district court holding that the will, by the terms of paragraph three, devised to Minerva E. Hess absolute control of all property of which Henry J. Hess died seized, or to which she afterward acquired title, and gave to her the right to freely deal with such property during her lifetime as though her title therein was absolute and in fee simple; but that "this right existing in Minerva E. Hess or the Guardian of her estate during the life of Minerva E. Hess, does not include the right of Minerva E. Hess to dispose of the property to make testamentary disposition of any property existing at the death of Minerva E. Hess whether jointly or severally owned property of both or either of said testators executing the will herein construed, but she is bound by the terms of Paragraph Five, of the will dated August 25, 1919, as by contract * * *." The decree further held that such as may remain of the joint and several estates of Minerva E. Hess and Henry J. Hess at the death of the survivor shall be divided between Henry Mason Hess and John Dow Hess, subject to such liens and charges as may arise by operation of law or be imposed on the property by the competent act of Minerva E. Hess herself or by the court-approved act of her guardian. From this decree Minerva E. Hess and Henry Mason Hess appeal.

■ I. The petition herein asks that the title to the real estate be held to be a fee simple in Minerva E. Hess. The petition is assailed by Minerva E. Hess on the ground that no

authority of court was had to bring the action. The answer of Henry Mason Hess, however, goes further and denies generally the right of plaintiff to bring the action. If the action were adversary to Mrs. Hess there would be grounds for this latter objection, but this action, except for the suggestion of sale, is in the ward's interest to establish her title as a fee simple absolute in her. As to the objection that an order granting authority to institute the suit to construe was lacking, it is the better practice to first obtain authority, but we doubt if the petition should be dismissed if such authority is not previously obtained. The application for authority is only preliminary, the court eventually passing upon the merits of the case, and if brought without good cause, it can make such order relative to the petition or costs as may be necessary. See In re Guardianship of Nelson, 229 Iowa 666, 674, 294 N. W. 922; In re Guardianship of Schulte, 231 Iowa 237, 1 N. W. 2d 193.

So far as the petition is concerned, it was beneficial to the ward, but on appeal the guardian joins with other appellees in defending the court's holding that the will did not devise a fee simple estate to his ward. Notwithstanding his explanation that the action was to clarify the title, the two positions are inconsistent.

■ II. The principal question involved is the effect of paragraph three of the will. We have set out the substance of the decree. In the written opinion of the court preliminary to the decree, the court recognizes the general rule that when a reciprocal will is made by husband and wife, and the husband dies, all of the remainder of the will becomes of no effect, but states that in the present will there is not an absolute repugnancy between the devise to the survivor and the devises following so that it is possible to so construe the will that effect may be given to all provisions, there being a contractual element therein.

In construing the will our endeavor must be to ascertain the intent of the maker. Jones v. Coon, 229 Iowa 756, 295 N. W. 162, citing Dickerson v. Morse, 200 Iowa 115, 119, 202 N. W. 601. To determine such intent certain rules are applied, designed to aid in ascertaining the intent of the testator as found in the will, all of which rules, of course, must give way to the

clearly expressed intention of the maker if such does no violence to established rules of law. Dickerson v. Morse, supra. They are rules of construction. One such rule is that the will should be taken by its four corners and that the court should endeavor to give effect to all parts of the will. Bradford v. Martin, 199 Iowa 250, 201 N. W. 574, and cases cited. There is also the rule that in construing wills generally the devise of real estate granting a fee simple estate will not be affected or impaired by a subsequent clause placing limitations on such devise and reducing it to an estate less than fee simple, and that, having once transferred the entire fee simple estate, the entire interest therein is disposed of and subsequent limitations are repugnant thereto and void. This is the general rule, admitted by appellees, and supported by many authorities. See Bradford v. Martin, supra, and cases cited. This is the rule where no other interests than those of the makers are provided for, or in the case of an ordinary will, not reciprocal.

But in this case we have for consideration the effect of a joint will. The term "joint will" is defined as a single testamentary instrument which contains the wills of two or more persons and is executed jointly by them. See one of our most recent cases, In re Estate of Johnson, 233 Iowa 782, 786, 10 N. W. 2d 664, 667, 148 A. L. R. 748, wherein Justice Oliver quotes from the Iowa Bar Association section of vol. 24, Iowa L. Rev. 15-24, citing authorities.

A "mutual will" is one in which two or more testators make reciprocal provisions for each other, or a will executed pursuant to an agreement between two or more persons to dispose of their property in a particular manner and in consideration of the other. A joint will may also be mutual. Campbell v. Dunkelberger, 172 Iowa 385, 389, 153 N. W. 56; 69 C. J. 1295, section 2709.

We quote from the above section of 24 Iowa L. Rev. 16, 17:

"Where the joint will or the separate wills are purely mutual in their terms, each testator bequeathing his entire estate to the survivor—and *neither making any devise of the property owned by the survivor at his death,* such wills are construed as a single instrument, and are regarded as the will of the first to

die, and have no validity or force as the will of the survivor. * * *
Where a joint will devises the entire estate, or a life estate, to
the survivor, with the remainder to third persons, such will is
ordinarily entitled to be probated upon the death of each of the
testators." (Italics ours.)

It is considered that the contractual element which enters
into a joint will is the distinguishing feature of the mutual will.
Anderson v. Anderson, 181 Iowa 578, 164 N. W. 1042; In re
Estate of Johnson, supra.

The court held, and appellees argue, that in a will of the
kind here considered there is a contractual element, and that a
subsequent provision devising a remainder, if any, to third per-
sons eliminates the question of repugnancy, and that the devises
by the parties are made one in consideration of the other and
therefore constitute a contract; in other words, that the right to
the remainder is based on this contract and is irrevocable by
the survivor. They argue that the words in paragraph four
"until after the death of both of us," followed by paragraph
five devising a remainder to the sons, is a clear expression of the
intention of the testators, as clearly expressed as the paragraph
giving absolute title, and under the contractual obligation binds
Minerva E. Hess so far as testamentary disposition is concerned.

Is there such contractual element in this will? Our most
recent authority, In re Estate of Johnson, supra, so holds, and
that such is the rule in Iowa is supported by many decisions
cited in the foregoing case. See Baker v. Syfritt, 147 Iowa 49,
56, 125 N. W. 998; Campbell v. Dunkelberger, supra; Child v.
Smith, 225 Iowa 1205, 282 N. W. 316; Anderson v. Anderson,
supra; annotations, 43 A. L. R. 1020, and 102 A. L. R. 491. The
Johnson case states, 233 Iowa 782, 787, 10 N. W. 2d 664, 667,
148 A. L. R. 748:

"Our decisions agree that it is the contractual element which
distinguishes mutual wills from other wills. Furthermore, it is
the established rule in this state that the will (or wills) itself
may be sufficient to establish the prior agreement to dispose of
the property according to the terms of such agreement." Citing
and quoting from Campbell v. Dunkelberger, supra, the opinion
states: " 'But where the wills are in the same instrument and

executed and signed by the parties, it is scarcely possible that this could happen without a previous understanding or agreement between them.' "

To the same effect, see Maurer v. Johansson, 223 Iowa 1102, 1107, 274 N. W. 99, 102, and cases cited.

The court in the Johnson case recognized the rules as to contracts existing in mutual wills, but under the circumstances of the case refused specific performance, there being no fair consideration. However, in the present case, while it is conceded that title to the real estate was in the husband, the facts show no such lack of fair consideration as in the case quoted, nor is this action for specific performance. Here was undertaken a disposition of property held and used by both for many years. It was not a recent marriage; there were grown children. The entire remaining property of the two makers of the will was disposed of and the consideration was sufficient.

Following the rules established by our many decisions in relation to joint and mutual wills, where the rights of parties other than the testators themselves are involved, we must hold that the construction decreed by the district court was correct, and the case will be affirmed.—Affirmed.

All JUSTICES concur.