FLORENCE Z. LUTHY et al., appellants, v. HARRY SEABURN et ux., appellees.

No. 47773.

(Reported in 46 N.W.2d 44)

FEBRUARY 6, 1951.

C. W. Elson, of Corydon, and W. B. Hays, of Centerville, for appellants.

Elton A. Johnston, of Corydon, for appellees.

OLIVER, J.—Mary J. Logue died in 1947 survived by her husband, H. D. Logue. The only real estate she owned was the

dwelling in which they lived. Her will, executed February 12, 1937, gave her husband a life estate in this real estate and the household goods and equipment therein, remainder to her nephew, defendant Harry Seaburn. The will gave all her other property (personalty) to her husband absolutely.

Upon the admission of her will to probate H. D. Logue filed his election therein, stating he refused to take under the will and elected to take his distributive share of one third of the property as her surviving spouse. Later he brought this action against Harry Seaburn and wife to establish his asserted one-third interest in the real estate and to partition it. Defendants pleaded Mrs. Logue's will was made pursuant to a contract between the husband and wife whereby they agreed to and did make mutual wills and that Mr. Logue should be required to conform to its provisions.

Mr. Logue died before the case was tried and his sole heirs-at-law, Florence Z. Luthy and Callie Ruth Schurman, were substituted as plaintiffs. Trial resulted in judgment, establishing the contract and that the mutual wills were made in accordance therewith, adjudicating this was a relinquishment of the right of dower and any right or interest of Mr. Logue in the property, other than the life estate willed to him which had terminated at his death, finding the fee title thereafter was in defendant Harry Seaburn, absolutely, and dismissing plaintiffs' action. Plaintiffs have appealed.

I. The only evidence offered by plaintiffs concerning the transactions between Mr. and Mrs. Logue relative to their mutual will was the deposition of Mr. Logue. Defendants objected on the ground the witness was incompetent, under section 622.4, Code of Iowa, 1950, I. C. A., to testify to personal transactions and communications with his deceased wife. This statute makes a party to an action or one interested in the event thereof an incompetent witness as to personal transactions and communications with a person since deceased, against the devisee of such deceased person. Plaintiffs contend Harry Seaburn may not invoke the statute because he claims the property, not as a devisee under the will of Mrs. Logue but under an alleged agreement for his benefit. The record does not support this contention.

Although he pleaded the wills were made pursuant to the agreement, Harry Seaburn claimed his rights were fixed and determined according to the terms of the (mutual) will of Mrs. Logue which devised the real estate to Harry subject to a life estate in Mr. Logue. Child v. Smith, 225 Iowa 1205, 1214, 282 N.W. 316. As such devisee he was a member of a class protected by section 622.4 and Mr. Logue was incompetent to testify against him to Mr. Logue's personal transactions and communications with Mrs. Logue.

II. E. E. Poston, the lawyer who drew the two instruments, testified for defendants, in part, substantially as follows:

He was called to the home of the Logues to advise them concerning their estate and to draw wills for both of them. Mr. and Mrs. Logue together told him they wanted to will their property to each other. He explained to them this could be done by a joint will or by separate mutual wills, which he considered preferable, and which would be contractual in nature. "They said that was all right. They understood it." Mrs. Logue said she would will Mr. Logue all her property, except the residence and household goods which would go to Harry Seaburn, and Mr. Logue expressed satisfaction with this, saying he was not interested in the household goods or real estate. The two instruments were at that time drawn in conformity with the agreement of Mr. and Mrs. Logue and were signed and witnessed. They were taken by Mr. Poston and kept in his safe. A few days later (February 12, 1937) Mrs. Logue called at Mr. Poston's office and stated Mr. Logue had asked her to change her will to give him the life use of the residence and household furniture in addition to the other property which he was to receive absolutely. She said Mr. Logue was not well and could not come with her and they did not want to ask Mr. Poston to again come to their home. To accomplish the requested enlargement of benefits to Mr. Logue, the will here in controversy was that day drawn by Mr. Poston, executed by Mrs. Logue and left in the possession of Mr. Poston. Her earlier will was then destroyed. About three days later Mr. Logue called at Mr. Poston's office, asked to see this later will of Mrs. Logue, examined it and said it was exactly what they had talked about and was all right. Mr.

Logue's will remained in the possession of Mr. Poston until after the death of Mrs. Logue when it was returned to Mr. Logue.

 Plaintiffs objected to the interrogation of Attorney Poston on the ground that, under the dead man statute, section 622.4, Code of Iowa, 1950, I. C. A., he was incompetent to testify to the personal transactions with the deceased Mrs. Logue. Mr. Poston's only connection with the transactions was as attorney for both parties. We have held the interest of an attorney is not sufficient to disqualify him as a witness under this section. In re Will of Kenney, 213 Iowa 360, 363, 239 N.W. 44, 78 A. L. R. 1189; In re Estate of Rehard, 163 Iowa 310, 312, 313, 143 N.W. 1106; In re Estate of Farley, 237 Iowa 1069, 1079, 24 N.W.2d 453.

 Another ground of the objections was that the communications were privileged under Code section 622.10 which forbids the disclosure by an attorney of communications made him in professional confidence. However, the privilege does not apply where, as here, two or more persons consult an attorney for their mutual benefit. Stewart v. Todd, 190 Iowa 283, 288, 173 N.W. 619, 20 A. L. R. 1272; Benson v. Custer, 236 Iowa 345, 351, 17 N.W.2d 889; Lewis v. Beh, 206 Iowa 281, 284, 218 N.W. 944; 70 C. J., Witnesses, section 551(6), page 410. Hence, neither of the two foregoing objections was valid.

The trial court found the facts were as testified to by Mr. Poston. A study of the record satisfies us these findings are correct. Hence, several contentions of plaintiffs which are based upon the testimony of Mr. Logue need not be considered.

 III. Mutual wills have been defined as those executed pursuant to an agreement or compact between two or more persons to dispose of their property in a particular manner, each in consideration of the other. Maurer v. Johansson, 223 Iowa 1102, 1105, 274 N.W. 99; Maloney v. Rose, 224 Iowa 1071, 1074, 277 N.W. 572. We pointed out in Anderson v. Anderson, 181 Iowa 578, 585, 164 N.W. 1042, 1044, that the two instruments constitute a single will which is the will of the first to die, and when that part of the will is probated the other part has no further existence as the will of the survivor, except when the mutual character of the will covers only part of the survivor's estate and in the same instrument the survivor includes a devise to third

persons—to that extent the survivor's will is an individual will and to that extent may be carried out.

■ Mr. Poston testified to the prior agreement of Mr. and Mrs. Logue to dispose of their property in a particular manner and to execute wills accordingly. The wills containing the reciprocal provisions agreed to by Mr. and Mrs. Logue were drawn and executed at substantially the same time, with the knowledge and at the joint request of Mr. and Mrs. Logue. The wills and the evidence of the circumstances attending their execution clearly prove there was a prior agreement to make mutual wills. Maurer v. Johansson, 223 Iowa 1102, 1107, 274 N.W. 99; In re Estate of Farley, 237 Iowa 1069, 1077, 24 N.W.2d 453. We agree with the finding and conclusion of the trial court that the proofs established the wills were mutual. Maloney v. Rose, supra, 224 Iowa 1071, 1074, 277 N.W. 572; Anderson v. Anderson, 181 Iowa 578, 164 N. W. 1042; Child v. Smith, 225 Iowa 1205, 282 N.W. 316; Chambers v. Porter, 183 N.W. 431, 434 (not reported in Iowa Reports); 24 Iowa Law Review, Bar Association Section, pages 15, 20 et seq.

■ IV. Plaintiffs contend the contract for mutual wills was prohibited by Code section 597.2 which provides one spouse has no interest in the property of the other which can be made the subject of contract between them. We do not agree with this contention. In Maloney v. Rose, 224 Iowa 1071, 1075, 277 N.W. 572, 575, this court held the statute inapplicable, stating:

"In a compact for mutual wills, the agreement is that each testator will dispose of his property in a certain manner. Each disposition is the consideration for the other. The subject matter of the compact is not the interest of one spouse in the other's property."

The decision cites Baker v. Syfritt, 147 Iowa 49, 60, 125 N.W. 998, 1002, which states: "This restriction invalidates agreements the subject of which is the right which, by reason of the marriage relation, one of the parties has in property owned by the other. It goes no farther."

See also Stewart v. Todd, 190 Iowa 283, 288, 173 N.W. 619, 20 A. L. R. 1272; 24 Iowa Law Review, Bar Association Section, page 16.

■ V. Plaintiffs assert also there was no adequate consideration for the agreement. In re Estate of Farley, 237 Iowa 1069, 1077, 24 N.W.2d 453, 457, states: "The reciprocal provisions constitute the consideration for the contract." Maloney v. Rose, 224 Iowa 1071, 1075, 277 N.W. 572, 575, states: "Each disposition is the consideration for the other." In this case the consideration on each side appears to have been substantial. We hold it was adequate.

■ VI. Nor do we agree with the contention that the contract was within the statute of frauds. A promise or agreement based upon a valid consideration, to make a will in another's favor, is not within the statute of frauds and may be enforced, at least where a will has been executed pursuant thereto. Bird v. Jacobus, 113 Iowa 194, 199, 84 N.W. 1062; Stewart v. Todd, 190 Iowa 283, 289, 290, 173 N.W. 619, 20 A. L. R. 1272; Baker v. Syfritt, 147 Iowa 49, 55, 125 N.W. 998, 1001; 21 Iowa Law Review 653, 654.

An article by Henry J. TePaske, entitled "A Study of Joint and Mutual Wills in Iowa", 24 Iowa Law Review, Bar Association Section, pages 15, 16, states: "It is usually held that a contract to make mutual wills is not within the Statute of Frauds." As suggested by some of our decisions, if such contracts were not binding no suit could be maintained for a breach thereof; and yet this court has frequently recognized the right to maintain such actions. Here neither will was revoked during the lifetime of Mrs. Logue. Stewart v. Todd, 190 Iowa 283, 290, 173 N.W. 619, 622, 20 A. L. R. 1272, 1279, states: "A part performance of an agreement to make a particular disposition of property by will takes it out of the operation of the statute of frauds." Upon the death of Mrs. Logue her portion of the contract was fully performed. Campbell v. Dunkelberger, 172 Iowa 385, 392, 153 N.W. 56. Irrespective of its status prior thereto it was not then within the Statute of Frauds.

■ VII. The trial court held the contract and the unrevoked mutual will should be treated as a relinquishment of the right of Mr. Logue to a distributive share of the property of Mrs. Logue. We have held joint or mutual wills are valid, especially between husband and wife, that there is a contractual element in a joint or mutual will for the benefit of the survivor,

that either party may, with notice to the other, recede from the obligation, but if there be no revocation before the death of one of the parties the right of the survivor is fixed according to the terms of the mutual will. Anderson v. Anderson, 181 Iowa 578, 584, 164 N.W. 1042, 1044; Campbell v. Dunkelberger, 172 Iowa 385, 389, 153 N.W. 56; In re Estate of Farley, 237 Iowa 1069, 24 N.W.2d 453.

Child v. Smith, 225 Iowa 1205, 1214, 282 N.W. 316, 321, refers to the statement in the Anderson case and adds: "And where, as in the instant case, provision is made for third parties, the rights of such third parties are equally thereby fixed and determined according to the terms of the mutual will."

Baker v. Syfritt, 147 Iowa 49, 61, 125 N.W. 998, 1002, states:

"Coming a step nearer to the case in hand we see no good reason why husband and wife may not agree to unite their separate estates in the creation of a trust for the benefit of a third person, who shall come into the legal title and right of possession upon the death of the survivor. If to that end they execute a joint instrument, clearly expressing their purpose, then, whether it be called a contract, compact, will, or conveyance, we think it should be treated as a *relinquishment of dower right*, or, at worst, when one maker has died without attempting to revoke it, the other should be held estopped to set up any right which tends in whole or in part to the defeat of the common purpose." (Italics supplied.)

Campbell v. Dunkelberger, 172 Iowa 385, 392, 153 N.W. 56, 59, states: "* * * the portion of the contract having been fully performed by the deceased, the widow will not be permitted to avoid any of its provisions."

In this case there was no attempt to revoke the mutual will during the lifetime of Mrs. Logue. At her death the part of the will executed by her became irrevocable, and the rights of both Mr. Logue and Harry Seaburn became fixed and determined according to its terms. It was then too late for Mr. Logue to rescind the contract and reject the mutual will made thereunder. His attempted election to take a distributive share of the property was an attempted breach of the contract and was without

legal right or effect. We hold the trial court was correct in ordering the dismissal of plaintiffs' petition and adjudicating the absolute fee title to the real estate was in Harry Seaburn.—Affirmed.

All Justices concur except Mantz, J., not sitting.