HENRY P. JOHANSEN, appellant, v. DAVENPORT BANK AND TRUST COMPANY, administrator c. t. a. of AGNES B. JOHANSEN, appellee.

No. 47795.

(Reported in 46 N.W.2d 48)

FEBRUARY 6, 1951.

Cook, Blair & Balluff, of Davenport, for appellant.

Harold F. Thuenen, of Davenport, for appellee.

GARFIELD, J.—This action is in equity by a surviving husband for specific performance of a claimed oral contract by which he and his wife agreed to leave all his or her property to the survivor. The principal question is whether the pleaded contract has been proven. The trial court held not. We reach the same conclusion.

Plaintiff has the burden to prove the oral contract relied upon by clear and satisfactory evidence. Campbell v. Dunkelberger, 172 Iowa 385, 389, 153 N.W. 56; Maurer v. Johansson, 223 Iowa 1102, 1106, 274 N.W. 99; Child v. Smith, 225 Iowa 1205, 1215, 1219, 282 N.W. 316; DeJong v. Huyser, 233 Iowa 1315, 1320, 11 N.W.2d 566, 569; annotation 169 A. L. R. 9, 65. See also Freeseman v. Henrichs, 233 Iowa 27, 28, 6 N.W.2d 138, 139.

Plaintiff, Henry P. Johansen, married Agnes Bendixen in 1904. Neither had been married before. They lived in Davenport till the wife died December 20, 1948. They had no children. On February 2, 1924, plaintiff executed a will leaving all his property, subject to payment of debts, to his wife and appointed her executrix. On May 22, 1924, one hundred ten days later, Agnes executed her will leaving all her property, subject to payment of debts, to her husband (plaintiff) and appointing him executor.

Just above testatrix' signature on Agnes' will and in the attestation clause, "February" had been typed as the month of

its execution but had been stricken out with ink and "May" written in ink above it. Both wills were witnessed by Walter M. Balluff, a Davenport attorney, who died before the trial. Plaintiff's will was also witnessed by two stenographers then employed by Mr. Balluff's firm, and Agnes' will by a third employee of the firm.

On September 13, 1944, Agnes made a will revoking her 1924 will and providing a life estate for plaintiff in substantially all her property with remainder to a niece and nephew. The niece was nominated executrix. Plaintiff contends the making of the 1944 will, which was admitted to probate (with defendant bank appointed administrator c.t.a.), was a breach of the claimed oral contract he says led to the making of the 1924 wills. Plaintiff elected to refuse to take under the 1944 will and to take his statutory distributive share.

Plaintiff (born 1879) started work for a Davenport clothing store about 1900, acquired an interest in it about 1920 and nearly complete ownership about 1924 when it was worth approximately $50,000. Beginning in 1933 the business suffered financially and closed in 1940. Plaintiff says he paid the family expenses until 1940. After that his wife paid such expenses from what she had obtained from her father, who died in 1935, and her brother, who died in 1942. There is evidence Agnes started paying such expenses in 1935. All property left by Agnes, worth about $40,000, she acquired from her father and brother. There is undisputed evidence plaintiff was absent from home, drank to excess and was not kind to Agnes for several years before she died.

I. Subject to defendant's objection that plaintiff was an incompetent witness under section 622.4, Codes, 1946, 1950, I.C.A., the dead man statute, plaintiff testified that early in 1924 he and his wife discussed the matter of wills, consulted attorney Walter Balluff regarding them in January 1924, advised Mr. Balluff what they desired, both had the idea of making a will giving the survivor all the property, the two wills incorporate an understanding he had with someone and that he had no such understanding with anyone other than his deceased wife. This last testimony regarding plaintiff's understanding was objected

to, and properly so, as an opinion and conclusion in addition to the objection to the witness's competency.

We are clear defendant's objection to the competency of the witness was good. So far as applicable here section 622.4 provides that no party to an action shall testify to a personal transaction or communication between him and a person deceased, against the administrator of such deceased person. Among decisions which support our conclusion are Luthy v. Seaburn, 242 Iowa 184, 46 N.W.2d 44; O'Dell v. O'Dell, 238 Iowa 434, 448, 26 N.W.2d 401, 408; Maasdam v. Estate of Maasdam, 237 Iowa 877, 893, 24 N.W.2d 316, 324; Wells v. Wildin, 224 Iowa 913, 921, 277 N.W. 308, 115 A. L. R. 169, 175, 176; Black v. Nichols, 213 Iowa 976, 240 N.W. 261; Sheldon v. Thornburg, 153 Iowa 622, 626, 627, 133 N.W. 1076.

■■ II. We find no competent evidence of the claimed oral contract aside from the 1924 wills themselves. Plaintiff contends these wills sufficiently established a specifically enforceable contract between him and his deceased wife for the devise and bequest to him of all her property. The contention is that the 1924 wills, without more, show they are mutual wills, i.e., executed pursuant to an agreement or compact between plaintiff and his wife to dispose of their property in the particular manner provided by the wills, each in consideration of the other. (For the definition of mutual wills usually found in our opinions see Luthy v. Seaburn, supra, 242 Iowa 184, 188, 46 N.W.2d 44, 46, and citations; In re Estate of Johnson, 233 Iowa 782, 786, 10 N.W.2d 664, 667, 148 A. L. R. 748, 753, and citations.)

After a careful review of all our decisions on the subject of mutual wills in the light of the authorities generally we are unable to sustain plaintiff's contention.

While we have never departed from the rule that clear and satisfactory proof is required of an oral contract to make a particular will where specific performance thereof is sought after the death of one party to the claimed contract, we have held it unnecessary that wills contain a memorandum of agreement for mutual wills or by their language show they are the result of a contract or that the contract be established by direct oral evidence.

Under our decisions the existence of such a contract may be established by the wills and the surrounding circumstances where it is shown they are the wills of husband and wife, each acting with the knowledge of the other, the wills are executed at substantially the same time, at their joint request, and contain reciprocal provisions. Under such a state of facts we have held the wills and the evidence of the circumstances attending their execution clearly prove there was a prior agreement to make wills. Maurer v. Johansson, supra, 223 Iowa 1102, 1107, 274 N.W. 99, and citations; Luthy v. Seaburn, supra, 242 Iowa 184, 189, 46 N.W.2d 44, 47.

Here it appears only that the 1924 wills are those of husband and wife and contain reciprocal provisions. There is no competent evidence that each maker acted with the knowledge of the other or that the wills were made at their joint request. There is no competent evidence Agnes was present when plaintiff executed his will nor that plaintiff was present when Agnes executed her will. Nor does it appear that either knew the contents of the other's will. Possibly it appears by inference (from the fact "February" had been typed as the month of execution of Agnes' will) the two wills were drawn at about the same time. However they were not executed at substantially the same time but one hundred ten days apart. There is no explanation of this.

Campbell v. Dunkelberger (Ladd, J.), supra, 172 Iowa 385, 390, 153 N.W. 56, 58, states: "Of course, two persons might make wills, each devising property to the other, and there be no necessary inference that such wills were the result of any agreement or understanding, for they might be executed without either knowing of the action of the other."

The above language is included in the quotation from Campbell v. Dunkelberger, supra, found in Child v. Smith, 225 Iowa 1205, 1215, 282 N.W. 316.

Anderson v. Anderson, 181 Iowa 578, 585, 164 N.W. 1042, 1044, says:

"Probably, since the wills bear different dates, the mere fact that each makes the other spouse the sole beneficiary would not, of itself, be sufficient to indicate any agreement or under-

standing that the two instruments were to be mutual or reciprocal, for such wills might be executed without either party's knowing what the other had done in that respect."

Frazier v. Patterson, 243 Ill. 80, 90 N.E. 216, 27 L. R. A., N. S., 508, 17 Ann. Cas. 1003, where the will was joint (in one instrument), also mutual, has been cited with approval in Anderson v. Anderson, supra (page 586 of 181 Iowa); Chambers v. Porter, Iowa (not in Iowa Reports), 183 N.W. 431, 434; Maurer v. Johansson, supra, 223 Iowa 1102, 1107, 274 N.W. 99, all cited by plaintiff. Frazier v. Patterson states at page 86 of 243 Ill., page 218 of 90 N.E.: "If two persons make wills, each devising his property to the other, there is no necessary inference that the wills were the result of any mutual or reciprocal agreement or understanding. Such wills might be executed without either party knowing that the other had executed his will * * *."

Wilson v. Starbuck, 116 W. Va. 554, 182 S.E. 539, 102 A. L. R. 485, another leading case cited with approval in Maurer v. Johansson, supra, 223 Iowa 1102, 1107, 274 N.W. 99, involves identical wills of husband and wife executed on the same date. The opinion says (page 558 of 116 W. Va., page 541 of 182 S.E., page 488 of 102 A. L. R.):

"The general rule is, undoubtedly, in the case of mutual, but not joint wills, that the making of the wills themselves, although evidential of the contractual relationship, is insufficient to establish that relationship. The wills before us, with nothing more than their due execution shown, undoubtedly would fall within that rule."

Statements similar to the above quotations frequently appear in the authorities generally. See annotations 169 A. L. R. 9, 74; 102 A. L. R. 491, 494, 495; 57 Am. Jur., Wills, section 732; 69 C. J., Wills, sections 2722, 2731.

It is of course not uncommon for either husband or wife to will all his or her property to the other without any prior specifically enforceable contract so to do. Each may make such a will in favor of the other as a coincidence or because of common habits of thought and conduct. See annotation 169 A. L. R. 9, 69.

178

In view of our conclusion that plaintiff has not met the burden of establishing the oral contract relied upon by him it is unnecessary to consider whether, as defendant contends, plaintiff had notice of the making of Agnes' 1944 will by which her 1924 will was revoked. Concededly Agnes could recede from the claimed contract upon which plaintiff relies by giving plaintiff notice thereof. See Luthy v. Seaburn, supra, 242 Iowa 184, 191, 46 N.W.2d 44, 48, and citations. It is likewise unnecessary to consider defendant's claim of estoppel or waiver as against plaintiff or its argument there is no equity in plaintiff's case.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.