ESTATE OF CHARLES ELSON, DECEASED, LLOYD E. ELSON, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 58628.    Filed May 24, 1957.

---

*Howard M. Hall, Esq.*, for the petitioner.
*Drew R. Tillotson, Esq.*, for the respondent.

OPINION.

LeMire, *Judge:* This proceeding involves a deficiency in estate tax of petitioner in the amount of $10,677.78.

The sole contested issue relates to the marital deduction claimed on the estate tax return. All the facts are stipulated and are found accordingly.

Charles Elson and Helena J. Elson were husband and wife residing in Polk County, Iowa, at all times material herein.

Charles Elson died at Des Moines, Iowa, on June 25, 1952. The estate tax return was filed with the collector of internal revenue for the district of Iowa on May 25, 1953.

On March 29, 1951, Charles and Helena J. Elson executed a will. The provisions of the will, pertinent hereto, provide as follows:

SECOND. We and each of us give, devise and bequeath a life estate to the survivor of either of us, of all the property of whatsoever nature and wherever situated of the one of us who shall predecease the other of us, of which the deceased shall die seized and possessed, the survivor of us to have and use during his or her lifetime in whatever manner he or she may desire.

\*     \*     \*     \*     \*     \*     \*

FOURTH. We and each of us give, devise and bequeath all the rest residue and remainder of the property of either or both of us of which either and both of us shall die seized and whether real, personal or mixed and wherever the same shall be situated to our son, Lloyd E. Elson, subject, however, to the life estate in such property to the survivor of us and the other provisions of this will as herein set forth.

FIFTH. We and each of us hereby nominate and appoint our son, Lloyd E. Elson, as Executor of this our Last Will and Testament and hereby request the court to approve the appointment of said Executor and permit him to serve without surety bond.

SIXTH. We and each of us hereby reserve the right, and the same is agreeable with each of us, that either or both of us may change any of the provisions of this will as he or she may so desire, at any time as it relates to the disposition of his or her own property, the same to be made at the pleasure of either party without the consent or approval of the other person.

Neither Charles nor Helena J. Elson revoked or changed the provisions of such will prior to the death of Charles.

The will was admitted to probate in the District Court of Polk County, Iowa, on July 26, 1952, as the last will and testament of the decedent.

On May 2, 1953, decedent's widow filed an election with the District Court of Polk County, Iowa, rejecting the terms of the will and claiming a dower interest in the estate of decedent.

On May 2, 1953, Lloyd E. Elson, sole heir of decedent and executor of his estate, filed his consent to the widow's election to reject the terms of the will of the decedent.

On May 2, 1953, an order was entered by the District Court of Polk County, Iowa, reading in part as follows:

IT IS, THEREFORE, HEREBY ORDERED, ADJUDGED AND DECREED that the election of Helena J. Elson, widow and surviving spouse of the deceased, Charles Elson, to reject the terms of the will of said deceased, Charles Elson, as to her bequests and devises, and claim her statutory and legal right of dower of one-third of the assets of the estate of the deceased, Charles Elson, be and the same is hereby approved, and there is hereby set off to Helena J. Elson, one-third of the assets of the estate of Charles Elson, deceased, to the said widow and surviving spouse, Helena J. Elson, and she is hereby declared the absolute owner thereof.

Petitioner contends that the dower interest in the amount of $24,912.24 is allowable as a marital deduction.

The respondent argues that the will in question was a joint and mutual will, and not having been revoked by either party prior to the death of the decedent, the widow acquired an irrevocable status and that her property interest under the will was a life estate or other terminable interest within the provisions of section 812 (e) (1) (B) of the 1939 Code for which interest a marital deduction is not allowable.

While conceding that the widow's property interest under the will was a terminable one not subject to a marital deduction, petitioner contends that the order of the District Court of Polk County, Iowa, approving the widow's right to reject the terms of the will and setting off and declaring her the absolute owner of one-third of the assets of decedent's estate, was the determination of a property right which is binding on this Court. In our opinion the will here in question was a joint and mutual will of Charles and Helena J. Elson.

In *In re Johnson's Estate*, 233 Iowa 782, 10 N. W. 2d 664, 667, it is said:

Our decisions agree that it is the contractual element which distinguishes mutual wills from other wills. Futhermore, it is the established rule in this state that the will (or wills) itself may be sufficient to establish the prior agreement to dispose of the property according to the terms of such agreement. Campbell v. Dunkelberger, supra, 172 Iowa at page 390, 153 N.W. at page 58, states: "But where the wills are in the same instrument and executed and signed by the parties, it is scarcely possible that this could happen without a previous understanding or agreement between them."

In *Maloney* v. *Rose*, 224 Iowa 1071, 277 N. W. 572, 575, it is stated: "In a compact for mutual wills, the agreement is that each testator will dispose of his property in a certain manner. Each disposition is the consideration for the other." See also, *Culver* v. *Hess*, 234 Iowa 877, 14 N. W. 2d 692.

The decision in *Luthy* v. *Seaburn*, 242 Iowa 184, 46 N. W. 2d 44, appears to be applicable here. In that case the husband and wife made a

mutual will pursuant to agreement. No attempt to revoke the mutual will was made during the wife's lifetime. The court held that the part of the will executed by the wife giving her husband a life estate in the dwelling house with remainder to the nephew became irrevocable upon the wife's death, and the rights of the husband and nephew became fixed and determined according to the will; and that the husband could not rescind the agreement and reject the mutual will, and could not attempt to elect to take a distributive share of the house.

In the course of its opinion the court states, at 48:

We have held joint or mutual wills are valid, especially between husband and wife, that there is a contractual element in a joint or mutual will for the benefit of the survivor, that either party may, with notice to the other, recede from the obligation but if there be no revocation before the death of one of the parties, the right of the survivor is fixed according to the terms of the mutual will. Anderson v. Anderson, 181 Iowa 578, 584, 164 N. W. 1042, 1044; Campbell v. Dunkelberger, 172 Iowa 385, 389, 153 N. W. 56; In re Estate of Farley, 237 Iowa 1069, 24 N. W. 2d 453.

\* \* \* \* \* ' \* \*

Baker v. Syfritt, 147 Iowa 49, 61, 125 N. W. 998, 1002, states: "Coming a step nearer to the case in hand we see no good reason why husband and wife may not agree to unite their separate estates in the creation of a trust for the benefit of a third person, who shall come into the legal title and right of possession upon the death of the survivor. If to that end they execute a joint instrument, clearly expressing their purpose, then, whether it be called a contract, compact, will, or conveyance, we think it should be treated as a *relinquishment of dower right*, or, at worst, when the maker has died without attempting to revoke it, the other should be held estopped to set up any right which tends in whole or part to the defeat of the common purpose." (Italics supplied.)

Campbell v. Dunkelberger, 172 Iowa 385, 392, 153 N. W. 56, 59, states: "\* \* \* the portion of the contract having been fully performed by the deceased, the widow will not be permitted to avoid any of its provisions".

See also, *Awtry's Estate* v. *Commissioner*, 221 F. 2d 749.

Petitioner contends that the case law of Iowa above referred to is not applicable to the instant case because of the provision contained in the Sixth paragraph of the will in question, reserving the right to change any of its provisions without the consent or approval of the other. We do not agree. We think such provision is merely a restatement of the established law of Iowa, that so long as both parties executing a joint and mutual will live no binding contract exists and either may revoke. *Gillette* v. *Cable*, 248 Iowa 7, 79 N. W. 2d 195.

The joint and mutual will of Charles and Helena J. Elson not having been revoked by either prior to the death of decendent, the rights of the surviving widow, under the established law of Iowa, became fixed and determined by that instrument and her attempted revocation by electing to take the statutory interest was a nullity.

We next consider the contention of the petitioner that this Court is bound by the order of the District Court of Polk County, approving

the widow's election and setting apart to her a one-third interest in decedent's estate. We recognize that a decision of a State court of competent jurisdiction determining property rights under State law in a bona fide proceeding and upon the merits is binding upon this Court. *Blair* v. *Commissioner*, 300 U. S. 5; *Frueler* v. *Helvering*, 291 U. S. 35. We, however, are not persuaded that upon this record we are required to give full faith and credit to the order of May 2, 1953. The widow's election, the consent by the executor, a son and sole heir of decedent, and the order in question were all filed on the same day, i. e., May 2, 1953.

It is apparent from such documents that no hearing on the merits was had or intended. No issue was presented in an adversary proceeding. It is not unlikely that the three documents were presented to the court simultaneously. We think the court never intended its order to be other than a consent decree. In the sense that the parties joined together to procure an order of the court upon which to base a claim for marital deduction, the order was collusive.

In *In re Sweet's Estate*, 234 F. 2d 401, certiorari denied 352 U. S. 878, affirming 24 T. C. 488, it is said: "An order or judgment obtained through collusion, or attended with some other badge of fraud in a non-adversary proceeding is not binding as. between one or more parties to such proceeding and the United States in respect to income or estate tax imposed by federal legislation." Citing *Broderick* v. *Gore*, 224 F. 2d 892; *Broderick* v. *Moore*, 226 F. 2d 165; *Newman* v. *Commissioner*, 222 F. 2d 131, affirming 19 T. C. 728. Cf. *Charles McVeigh*, 3 T. C. 728 (appeal dismissed).

We do not construe the case of *Gallagher* v. *Smith*, 223 F. 2d 218, relied upon by petitioner, as holding contrary.

We, therefore, hold that the property interest which the decedent's widow acquired from the estate of the decedent was a terminable interest which does not qualify as a marital deduction under section 812 (e) (1) (B) of the Internal Revenue Code of 1939.

Effect will be given to the other issues settled by agreement of the parties.

*Decision will be entered under Rule 50.*